CASE 8—INDICTMENT—OCTOBER 15.

# Kennedy vs. Commonwealth.

APPEAL FROM FULTON EQUITY AND CRIMINAL COURT.

An indictment charges that "the defendant did pay, pass, and utter to W. C. one forged and counterfeit bank bill, of the denomination of three dollars, on the Merchants' Bank of Massachusetts, knowing it to be forged and counterfeit at the time, &c.;" but fails to allege that the bank, on which the bill purported to be, was a *bank incorporated by law*. *Held*—That the omission is fatal. In order to conviction, it is indispensably necessary that such fact be averred and proved.

JOHN RODMAN, for appellant, cited *sec. 1, art. 10, Rev. Stat., page 255; 15 B. Mon., 536; 3 Greenleaf, sec. 111; 7 Carr. & Payne, 224; Wharton's Amer. Crim. Law, 4th ed., page 633; Russ. & Ryan, 245; 10 Metcalf, 256; 5 Day, 175; 5 Leigh, 708; 15 Ohio Rep., 217.*

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

This appeal is prosecuted by Kennedy to reverse a judgment of the Fulton criminal court, sentencing him to the penitentiary for uttering and passing a counterfeit bank bill.

Three grounds are relied on:

1. That the demurrer to the indictment and motion in arrest of judgment should have been sustained, because the indictment fails to charge facts constituting a public offense.

2. That improper testimony was allowed to go to the jury; and

3. That there was error in refusing the 4th instruction asked for by appellant.

The prosecution seems to have been had under the following provision of the Revised Statutes:

"If any person shall forge or counterfeit a bank bill, or note or check, or draft, upon a bank, or the certificate of deposit of money therein, *of any bank or company incorporated by law, in any part of the United States*, or any indorsement thereon; or shall erase or alter the same, or any indorsement thereon; or shall tender in payment, utter, vend, exchange, barter, or demand to have exchanged for money, any such forged, erased, alter-

ed, or counterfeited bill, note, draft, check, or certificate of deposit, or the indorsement thereon, knowing the same to be forged, counterfeited, erased or altered, he shall be confined in the penitentiary not less than two, nor more than ten years."

The indictment is in the usual form, and charges that " the defendant did pay, pass, and utter to Wm. Cox one forged and counterfeit bank bill, of the denomination of three dollars, on the Merchants' Bank of Massachusetts, knowing it to be forged and counterfeit at the time, &c ;" but fails to allege that the bank on which the bill purported to be was a bank incorporated by law ; and it is contended that this omission is fatal, because, as is said, without such averment, the facts stated in the indictment do not constitute a public offense within the meaning or words of the section referred to.

The precise relation and effect of the words " incorporated by law," as used in the section cited, are rendered somewhat obscure by the punctuation, and arrangement of the preceding part of the sentence in which they are found ; and hence the doubt whether they were intended to refer only to banks or companies upon which certificates of deposit had been forged, or also to banks upon which bills, notes, and checks had been forged.

If the words are made to refer to the former class of banks, and not to the latter, the effect would be to create a manifest distinction between the two offenses in regard to the character of indictment, and amount of evidence necessary to convict.

In prosecutions for forging or passing certificates of deposit, it would be necessary to allege and prove that the banks or companies upon which they purported to be were incorporated by law; whereas, in prosecutions for forging, or passing bills, notes, checks, or drafts upon the same banks or companies, such allegation or proof would be wholly useless.

It seems to us that such distinction was not intended by the Legislature, and that the sentence referred to is not fairly susceptible of such construction.    Both offenses are placed on the same footing throughout the section.    They belong to the same class, and are subjected to the same punishment; and it is apparent that the same allegations and proof—as to the char-

acter of the bank or company on which the counterfeited bill or certificate of deposit purports to be—are demanded in both.

That the bank or company on which the bill or certificate has been forged is "incorporated by law in some part of the United States," is a fact essential to either offense. It is made so by the law creating them; and in order to convict of either, it is indispensably necessary that such fact be averred and proved. This is clearly intimated in the case of the *Commonwealth vs. Craig*, (15 *B. Mon.*, 536,) though that case went off upon another ground. But in view of the statute *supra*, it is deemed hardly necessary to refer to cases upon this question:

It seems to us, therefore, that the indictment in question is fatally defective in not averring that the "Merchants' Bank of Massachusetts" was a bank incorporated by law, and that the court below erred in not sustaining appellant's demurrer to the same.

This conclusion disposes of the ground relating to the 4th instruction asked for and refused; and likewise obviates the necessity of passing upon the admissibility of the evidence to the introduction of which appellant objected.

Wherefore, the judgment is *reversed*, and cause remanded with directions to set it aside, and to enter a judgment sustaining the demurrer, and for such other and further proceedings as may be necessary, not inconsistent with this opinion.