Clement *v*. Little.

42  563
68  324

## CLEMENT *v*. LITTLE.

In an action upon a receipt for goods attached, the officer may be permitted to amend his return of the original attachment, which states that he attached by leaving copies, so as to show that he attached and left copies, if that be in accordance with the facts.

An attachment in common form of property subject to a lien is not void, but is at most merely voidable at the election of the party having the lien, and if confirmed by him is valid as to every body.

Clement *v.* Little.

Where A receipted for property of B which had been attached and upon which he claimed a lien for labor, and then suffered the property to be taken and sold by B, and received payment for his labor of B ;—*Held,* that he could not set up the lien as a defense to a subsequent action on his receipt.

Where an officer, having, on several writs, attached several parcels of bricks in B's brickyard, in, &c., being part of the whole quantity there, afterward, on the same day, returned upon another writ that he had attached all the bricks " not attached on previous attachments" lying in the brickyard ;—*Held,* that the return sufficiently described the property attached.

It is no valid *objection* to a receipt for goods attached that it contains a description of the property more specific in one particular than the return.

Where the receiptor has allowed the property attached to go into the possession of the debtor and judgment has been recovered against the debtor, in an action by the officer upon the receipt, the ordinary rule of damages is the amount of the judgment and interest, and the officer's fees and poundage on the execution, in case the value of the property equal or exceed that amount; but where the action is still pending against the debtor, upon the refusal of the receiptor to deliver the property attached, the officer may recover of him the full value of the property, with interest from the time of demand made.

ASSUMPSIT. By agreement of parties this case was tried by the court and the following facts found. The writ is dated February 8, 1859, and the action is upon four receipts, dated May 12, 1857, and signed by the defendants. The first receipt was as follows :

" Received of A. C. Clement, deputy sheriff of the county of Rockingham, for safe keeping, the goods and chattels following, attached by him as the property of Ebenezer Peaslee, in an action in favor of Nathan F. Hunkins, returnable at the Supreme Judicial Court for said county, February term, 1857, to wit, one hundred and fifty thousand of hard and soft burned brick, and 100,000 of hard burned bricks, all of the value of $800, and I do hereby promise to deliver the same to said A. C. Clement, or order, upon demand, in good order and condition as the

Clement v. Little.

same are now in, free from all charge and expense to said A. C. Clement, or so much money."

The other receipts were similar, the second being for " 200,000 of hard burned brick, and 100 cords of pine, hemlock and hard wood, all of the value of $1,000," attached as the property of Peaslee in an action in favor of Bly; the third being for " 50,000 of hard burned face bricks, of the value of $500," attached as the property of Peaslee & Bryant in an action in favor of Hall; and the fourth being for 10,000 of boards, nine brick machines, and 75,000 of hard burned bricks, of the value of $500," attached as the property of Peaslee & Bryant.

The officer returned upon the Hunkins writ that on December 27, 1856, at thirty minutes past ten A. M. he attached, as the property of Peaslee, " 150,000 of hard soft burned bricks," being the last kiln " made by one Hall" on the yard known as the Hall yard, in Plaistow in said county; also " 100,000 of hard burned bricks, made by Albert Heath, lying on the yard occupied by said Heath," &c., by leaving an attested copy of the writ and return with the town-clerk of Plaistow. On the Bly writ he made a similar return of attachment at half-past ten A. M. on the 13th day of January, 1857, of 200,000 hard burned brick, in the Hall yard, made by Heath, and 100 cords of hemlock, pine and hard wood in the same yard. He returned an attachment at 3 P. M. on the same day of 50,000 hard burned face bricks in the Hall yard, as the property of Peaslee & Bryant, as made in the same way as on the first Hall writ; and an attachment of " 10,000 brickyard boards, nine brick machines and all the bricks that are not attached on previous attachments," in the Hall yard, as the property of Peaslee & Bryant, as made in the same way, at six P. M. on the 30th day of January, 1857, upon the second Hall writ.

The defendants claimed that they were not liable because the writs showed no valid attachments.

The plaintiff was allowed to prove by parol evidence, subject to the defendant's exception, that the officer went to the property returned by him as attached, estimated its quantity, attached and took possession of it, so far as he could do so by his presence and intention, and appointed one Hall keeper of it; that the property remained unmoved until after the receipts were given; that Hall lived near and in sight of it, and agreed to be and considered himself as keeper until the receipts were given; that the plantiff saw the property frequently, and that until the receipts were given no person except the plaintiff and Hall took possession of the property or assumed to do so.

Upon this evidence the court found that the plaintiff took and kept possession, and that the attachments were valid against the defendants, even if no copies had been left with the town-clerk, and the court also ruled that the defendants were estopped to deny the attachments or the amount or value of the property receipted for; to which ruling and finding the defendants excepted.

The plaintiff moved to amend his returns so as to show that he attached and left copies according to the provisions of the statute, which motion was reserved for the consideration of the whole court.

Subject to the plaintiff's exception, the defendants proved two written contracts, one between Peaslee and Hall, and the other between Peaslee & Bryant and Heath. Copies of these contracts were made part of the case.

Hall made part of the bricks receipted for, but not under his written contract, and he neither had nor claimed any lien upon them. The rest of the bricks receipted for were made by Heath under his written contract, and the defendants claimed that he had a lien upon them. Peaslee & Bryant had a lease of the brickyard. After the attachments, and before the receipts were given, Peaslee bought Bryant's interest in their joint property. Immediately after the receipts were given and before the com-

mencement of this suit, Peaslee, with the consent of the defendants, carried away and sold the bricks receipted for, and paid Heath what was due him out of the proceeds. Neither of the defendants claimed any lien upon or interest in any of the property when it was attached, when they receipted for it, when the plaintiff subsequently demanded it at two different times, or at any other time.

The court found that Heath never had any lien upon the bricks, and that upon the foregoing facts, if he ever had any, he had waived and lost it; to which finding the defendants excepted.

Judgments were recovered against Peaslee, November 12, 1859, in the Hunkins suit for $617.82 debt, and $72.84 costs, and in the Bly suit for $519.30 debt, and $64.19 costs. The two Hall suits were still pending. The plaintiff demanded the property receipted for, February 7, 1859, and also within thirty days after the rendition of these judgments; the executions having been put into his hands. The plaintiff claimed to recover upon the first receipt the amount of the judgment and execution, $690.66, and interest after the demand on the execution, $39.36, and officer's fees on the execution for service, travel and poundage, $6.63, making in all $736.65. Upon the second receipt he claimed to recover the sum of $617.53, made up in a similar way. Upon the third and fourth receipts, given in the Hall suits, he claimed to recover $1000 and interest after February 7, 1859. The court found that the plaintiff was entitled to the several sums claimed by him, amounting to $2,465.15. To all the rulings and findings of the court, the defendants excepted.

*A. Wood*, for the defendants.

1. The sheriff was bound to return a valid attachment of the property on the writs, so as to protect the receiptor against the claims of the defendant, or any other person, to the property. The receiptor has a right to hold the

property attached against the claim of the debtor or any other person. He can not do so unless the plaintiff return a valid attachment of the property. The officer did not return such an attachment in this case. This property is to be attached like other property of a personal nature, and not like real estate.

At any time after the receipt was given, the debtor could claim and take the property as against this attachment; and having taken it and sold the same, the receiptor can not recover the proceeds of the same of the debtor Peaslee, since he can not show by the return, that Clement ever made return of a valid attachment. Our statute never intended to change the mode, but to provide for the safe keeping of bulky articles. The plaintiff should not be allowed to show by parol any fact to contradict his return. In a controversy between the receiptor and debtor, as to the receiptor's claim, the return is to govern the matter. The sheriff can hold the receiptor only where the receiptor can hold the property, and as the receiptor could not hold the property in this case, as the return is insufficient, so the sheriff can not hold the receiptor. It is well settled that a receiptor can take the property from the debtor, even if the property be in the hands of the debtor by the receiptor's consent. But if no valid attachment is made, how can the defendant do so?

2. At the time the receipt was given, Heath had a lien upon the bricks. They had not then been delivered to Peaslee, and no act had been done that dissolved the lien of Heath. Possession had not then been taken, by the sheriff, of the bricks, so as to dissolve the lien; but if the plaintiff did take possession of the bricks by attachment, it will not dissolve the lien, unless possession be taken, with the consent of the defendant, and there is nothing to show that Heath knew that Clement ever had possession of the bricks. The attachment itself shows that a large portion, if not the whole, was on land in the occu-

pation of Heath. All the defendant ever knew about the acts of the plaintiff, in making the attachment, is, that he attached them by "leaving a copy," and that is no knowledge to the defendant that the plaintiff had possession of them. It is said that Peaslee paid Heath his lien on the bricks, but that can make no difference; for if Heath had a lien on them, the plaintiff could not attach them so as to hold them; the defendant Little could not object if Heath chose to deliver them to Peaslee.

If it is said that Heath could deliver the bricks to Peaslee, and the payment of Heath's lien would discharge it, that could be for only the amount of his lien, and the sheriff could hold on the receipt for the balance only. We do not believe that the doctrine that a receiptor can not set up his own title, in this state, against his receipt, can be sustained. It has never been held that a receiptor, by such act, loses his title to the property. 12 Pick. 557; 13 Pick. 309. But that he must relieve the property, and then bring his action for the property against the sheriff. Here he can not relieve the property, and shall he be compelled to pay the money, there being an action to try the lien? If the court can not find that Heath had delivered the property to the debtor before attachment, then Heath had a lien on it, and could hold it against the attachment.

3. The plaintiff can not recover on the Hull claims, no judgment having been recovered on them.

4. We understand that before the sheriff can be allowed to amend, a full hearing is to be had before the court below, and before the amendment is allowed. We desire to be heard on that motion.

5. The plaintiff can not recover on the fourth receipt, as he made no return of the property attached, as set forth in the receipt.

*Stickney*, and *Hills*, for the plaintiff.

---
Clement *v.* Little.
---

BARTLETT, J.  The plaintiff's motion to amend his return was reserved for our consideration, and the facts upon which the motion was founded, as stated in the case, seem to us to authorize the amendment. *Johnson* v. *Stone,* 40 N. H. 197; *Mahurin* v. *Brackett,* 5 N. H. 11. The motion should, therefore, be granted. This conclusion renders it unnecessary to examine a number of questions that might otherwise arise.

We do not propose to inquire whether the defendant Heath, at any time, had a lien upon the bricks, for if he once had, we think that fact does not furnish a defense to him, and if not to him, certainly not to Little. The plaintiff seems to have had no notice of the claim of lien, and to have attached the bricks without reference to it. If Heath had a lien, the attachment was not void, but was merely voidable, at most, at his election. *Scott* v. *Whittemore,* 27 N. H. 320; *Hills* v. *Wiggin,* 31 N. H. 292. Instead of avoiding the attachment, Heath admitted and confirmed it by his receipt, which is not shown to have been given under any mistake. *State* v. *Richmond,* 26 N. H. 238. The defendants are, therefore, in no position to deny the validity of the attachment.

Although a receiptor may defend, by showing that the property has been taken from him by a person having a paramount title, (*Scott* v. *Whittemore,* 27 N. H. 321; *Barron* v. *Cobleigh,* 11 N. H. 558,) or by showing his own title, in some cases, (*Hills* v. *Buffum,* Hills. Co., June term, 1861) the defendants fail to show such a case. While the property was in the defendants' possession, at most they could only claim the right of detention in Heath till payment for the manufacture. The bricks were not retained by the defendants, or either of them, but were given up by them to Peaslee, who paid Heath the sum for which the lien is now claimed. After this, Heath had no lien, and, therefore, the defendants show no paramount title or right of possession in him, or in Peaslee, for the

lien was not assignable. *Pierce* v. *Emery*, 32 N. H. 521; *Lovett* v. *Brown*, 40 N. H. 512.

The return upon Hall's second writ sufficiently describes the property attached (*Reed* v. *Howard*, 2 Met. 36); and it is no objection to the receipt that it contains a description of the property more specific, in one particular, than the return.

The principles on which damages were assessed were sufficiently favorable to the defendants. *Scott* v. *Whittemore*, 27 N. H. 323; *Phelps* v. *Gilchrist*, 30 N. H. 180.

Upon the amendments being made, there must be judgment for the plaintiff, according to the finding of the court at the trial term.