The opinion of the Court was dx’awxx up by
Kent, J.
In a former case betweexx these parties, we decided that the mortgage to the plaintiff was invalid as agaixxst other persons than the mortgagers, because it had not been recorded ixx each town where one of the mox’tgagers resided. Rich v. Roberts, 48 Maine, 548. ■ The plaintiff in that suit became nonsuit, — and this new action has been instituted, and comes before us on an agreed statement of facts, somewhat different from the former case. It xxow appears that the attachixxent made on the writ against both the mortgagers has been released. The sheriff, therefore, has no longer any right to hold, or to seize for .sale this property by reason or by vix’tue of that attachmeixt. But it is also agreed, that the action agaixxst Graxxt alone is still pending, and the attachment oxx that wxfit is still in force. The officer, on that writ, was authorized to attach, aixd did attach and hold the undivided intex-est of Grant.
It is well settled law that when personal property, owned by tenants in common, is attached in a suit agaixxst one of *397 them, the officer is entitled to the possession and control of the whole, during the pendency of the attachment, although, on the levy of the execution, he sells only the share or interest of the judgment debtor, and the purchaser acquires only the right of a part owner. Reed v. Howard, 2 Met., 36.
The provision of the statute, c. 81, § 59, that a part owner who is not sued may have the property delivered to him on giving bond, recognizes the principle above stated.
In this case, the mortgage, not being recorded according to law, is not valid against subsequent attaching creditors, but is valid against the mortgagers. When the lien created by the attachment is released or dissolved, the right of the mortgagee revives, and he may assert his claim and title to the property. But so long as the officer has a right to retain the property, he cannot bo liable to the mortgager — in an action for its value.
If judgment is recovered in the suit now pending against Grant, the officer may proceed to seize and sell his undivided interest, and, in case he does so legally, the purchaser will take Grant’s place, and become a joint owner with the plaintiff. If that attachment against Grant should be released or dissolved, then the officer may be bound to restore the property, or account for its value to the plaintiff as owner. However this may be, we do not see that the officer can be liable in this suit, as he appears as yet to have done nothing which he was not by law authorized and bound to do.

Plaintiff nonsuit.,

Bice, Appleton, Cutting, Davis and Walton, JJ., concurred.