## WILLIAM POLLEY *VS.* LENOX IRON WORKS.

Upon a bill of exceptions which reports all the evidence in a case, this court will not revise the decision of a judge of the superior court in submitting the case to a jury, unless the whole evidence, if believed and taken with all the inferences which may be drawn from it, is plainly insufficient to warrant the verdict which was rendered.

Glass in plates of three or four feet square, and from half an inch to an inch in thickness, some of which is boxed in boxes of five hundred or six hundred pounds each, and some of which remains unboxed in the factory, and requires skill to remove it safely, and which cannot be removed except at unreasonable expense and considerable risk, may be attached in the manner provided in Rev. Sts. *c.* 90, §§ 33, 34; and a deputy sheriff who has so attached it, and has not taken it into his actual care and custody, may maintain an action for the conversion of it against a corporation whose officers, knowing of the attachment, have wrongfully caused it to be removed and sold within thirty days after the attachment.

In an action by a deputy sheriff against a corporation for the conversion of a quantity of glass attached by him upon a writ against a glass manufacturing company, the plaintiff introduced evidence tending to show, amongst other things, that, after the attachment, the defendants, who were creditors of the glass manufacturing company, knowing that the attachment had been made, and for the purpose of preventing the plaintiff in the writ from receiving the benefit of it, and of securing a claim which they held against the same company, entered into an arrangement with the officers of the company, in pursuance of which money was advanced by the defendants to the latter to aid them temporarily in their business, and they sent away and sold the glass which was attached, and delivered the avails thereof to the defendants in payment of the money so advanced, and meanwhile continued the manufacture of glass, and the new supply, so manufactured, was taken on execution by the defendants in satisfaction of their claim. *Held*, that this evidence was competent and sufficient to be submitted to a jury, and that their verdict upon it, for the plaintiff, could not be set aside on exceptions.

An officer's return is competent evidence to show that property attached by him in the manner provided in Rev. Sts. *c.* 90, §§ 33, 34, was such as might properly be so attached.

A deputy sheriff who has attached personal property in the manner provided in Rev. Sts. *c.* 90, §§ 33, 34, and resigned his office and removed from the Commonwealth before judgment was recovered, may maintain an action in his own name for a conversion of the property before the recovery of the judgment, if the execution which issued thereon was delivered to another deputy sheriff, who, being unable to find the property, demanded the same of the sheriff of the county, and returned the execution wholly unsatisfied; and it is not necessary that the return upon the execution should set out the demand upon the sheriff.

TORT by a deputy sheriff for the conversion of a quantity of glass.

After the former decision in this case, reported in 2 Allen, 182, a new trial was had in the superior court, before *Ames, J.,*

which resulted in a verdict for the plaintiff. The material facts which then appeared are stated in the opinion. Upon the whole evidence, the defendants asked the court to rule that no conversion was proved. The judge declined so to rule, and the defendants alleged exceptions; and the whole evidence in the case was reported as a part of the exceptions.

At the opening of the argument in this court, *Colt,* for the plaintiff, objected to the reading of the evidence, and contended that such an exception could not be taken, it being in effect a motion to set aside the verdict as against the evidence.

BIGELOW, C. J., after consultation with his associates, stated that it could not be laid down as a rule that a case cannot, under any circumstances, be brought up in this way; but, where all the evidence in the case is plainly insufficient to warrant a verdict for the plaintiff, if the whole of it is believed, and taken with all the inferences which may be drawn from it, and the jury nevertheless find a verdict for the plaintiff, it may be proper to correct the error on exceptions.

*H. W. Bishop & T. Post,* for the defendants.

*J. D. Colt & J. E. Field,* for the plaintiff.

CHAPMAN, J. The plaintiff sues for a quantity of glass which he claims as his property, and alleges that the defendants have converted it to their own use. It appears that on the 5th of June 1856 he was a deputy sheriff; that a writ in favor of George C. Hubbell against the National Glass Company, dated May 6, 1856, was put into his hands with directions to attach the glass in question; that he undertook to attach the same, and made return that he had done so, and that the property could not be moved except at an unreasonable expense and the risk of much damage to the property; and within three days after the attachment he left at the town-clerk's office in Lenox a copy of the writ and the return of the attachment. He thus undertook to make his attachment in conformity with Rev. Sts. *c.* 90, §§ 33, 34, and did not keep possession of the property.

The glass had been manufactured by the glass company The plaintiff found twenty boxes of it on the platform near the

railroad track. This was near the factory The boxes weighed five hundred or six hundred pounds each. The remainder and much the larger portion of the glass was in plates of various sizes, three or four feet square, some half an inch and some an inch thick. It was in the factory, and most of it was standing up against the walls. Some was in the ovens. It appears that the glass in boxes would require careful handling to be removed safely, it was so large and thin, and it could not be safely handled by unskilful persons; and that the glass in the factory could not be safely moved except by persons skilled in the business.

The statute provisions above referred to were designed to obviate great practical difficulties which had arisen in respect to the kind of possession and custody necessary to perfect and continue an attachment of personal property which could not be easily removed. *Sanderson* v. *Edwards*, 16 Pick. 144. *Reed* v. *Howard*, 2 Met. 36. In the latter case, the statute method of attachment, by depositing a copy of the writ and return in the town-clerk's office, was held to apply to a quantity of cord wood, and a quantity of charcoal, piled up. In *Arnold* v. *Stevens*, 11 Met. 258, it was held to apply to millstones, logs, timber and wood. Before the statute, it had been held that it was not necessary to remove hewn stones, nor hay in a barn. *Hemmenway* v. *Wheeler*, 14 Pick. 408.

We are of opinion that, considering the bulk and weight of the glass, the skill required to remove it safely, and the expense and difficulty of providing a new place of storage, it was within the statute, and was properly attached. On the 12th of June, the defendants, by their agent Phipps, made an arrangement with the glass company by which the defendants were to pay a debt due to Bankard and Cossaboom, two of the workmen of the glass company. Richmond, the agent of the glass company, was to send the glass to Providence, and out of the avails to reimburse the defendants for the payment which they had agreed to make. This was done with a full knowledge of the plaintiff's attachment. In the course of the same month, the greater part of the glass was sent to Providence in pursuance

of this arrangement, and the remainder was sent early in July. It was there sold, and the defendants received the proceeds. What further duty would have devolved upon the plaintiff in regard to the care and custody of the glass, if it had been left on the premises for a great length of time, need not now be considered. We are of opinion that he did all which was required of him while the glass actually remained there before its conversion. No injury actually accrued to any one from its being left exposed; for no stranger took it or injured it. Nothing short of actual custody could have prevented the defendants and the glass company from doing what they actually did.

The evidence above referred to was sufficient to submit to the jury on the question of conversion by the defendants. But there was much other evidence on this point. The plaintiff contended that the defendants had combined with the glass company to prevent Hubbell from obtaining security for his debt. On this point he offered evidence tending to prove that the defendants were creditors of the glass company; that their agent was anxious to secure the debt, but was unable to do so; that he induced the plaintiff to delay the service of his writ for a while; that the plaintiff, after his attachment, first left an imperfect copy at the town-clerk's office, and thereupon the defendants, having learned the fact, sought to defeat the attachment by suing out a writ in their own favor against the glass company, on which they attached the glass, and put it in the hands of a keeper; and that they gave up their attachment when they learned that the plaintiff had left another and correct copy at the town-clerk's office within three days; that they took judgment in their suit, by arrangement with the glass company, while the action of Hubbell was continued; and that just before Hubbell's execution was issued, they seized and sold on their execution all the property of the glass company that could be found. On this point, the record of their action and of their acts in levying their execution are pertinent, as the whole proceeding might be regarded as a single transaction, of which the conversion of the property, with a view to the management of the glass works, was a part

The question does not arise here whether the evidence was sufficient to prove the combination of these parties and the conversion of the property. Such a question could arise only on a motion for a new trial, on the ground that the verdict was against the evidence or the weight of the evidence. All that can be submitted to this court as matter of law is, whether there was any evidence which the presiding judge could legally submit to the jury to maintain the action. If there had not been sufficient to maintain the action, assuming that it was all true, it would have been his duty to instruct them accordingly. But we are of opinion that there was evidence which it was proper to submit to the jury, and upon which it was legally competent to find a verdict for the plaintiff. Of its weight, as sufficient to sustain the verdict, we do not and cannot judge.

The officer's return in reference to the attachment of the glass was properly admitted in evidence. The certificates or returns of sworn officers, acting within the sphere of their official duty, are always competent evidence, and are presumed to be correct until the contrary be shown. *Bruce* v. *Holden,* 21 Pick. 187.

Hubbell recovered judgment in his suit at October term 1856. The plaintiff, in September 1856, resigned his office of deputy sheriff and removed to Ohio, where he has ever since resided. Execution was duly issued upon said judgment on the 31st of January 1857, and before the expiration of thirty days from the date of the judgment was placed in the hands of George H. Cobb, another deputy sheriff, who within the thirty days demanded of the sheriff of the county the property attached by the plaintiff, and made no demand upon or attempt to give notice to the plaintiff, but, after calling upon the sheriff, went to the manufacturing establishment of the debtors in Lenox to search for the property, and found none; and so returned the execution wholly unsatisfied.

It was proper that the execution of Hubbell should be thus put into the hands of Cobb, in order to preserve the attachment; and as the plaintiff was not in his precinct, and as the glass had been converted by the defendants, according to the

finding of the jury, all he could do was to make a demand on the sheriff. But it was not necessary that he should make a return of the demand on his execution. Indeed no return was necessary as preliminary to this action; nor need an officer ever state in his return the particulars of his search for property.

The conversion having taken place while the plaintiff was in office, the action is properly brought in his name. His subsequent resignation of his office and removal from the state do not deprive him of his right of action. *Exceptions overruled.*