BANK OF THE NORTH WEST vs. TAYLOR Impleaded, &c.,

Where a cause exists for an attachment against the property of one defendant in an action, the writ may issue against his property, though no cause for issuing it exists as to his co-defendant.

On a writ of attachment against the property of one of the defendants in an action, any interest which he may have in any property with his co-defendants or others, as *joint* owner, may be seized on it, and the sheriff under such seizure may take and retain possession of such property. But whether the sheriff might take the property and retain exclusive possession of it, if he had attached the interest of the defendant in *partnership* property. *Quære.*

A writ of attachment was issued against the property of A and B, on the ground that A was about to fraudulently dispose of his property, &c., and that B was not a resident of the state, to which the sheriff returned that he had attached certain personal property "as the property of A," and A traversed the cause

610     SUPREME COURT OF WISCONSIN,

Bank of the Northwest vs. Taylor, Impleaded, &c.

laid for the writ as to him, but before the trial of the issue, the court allowed the sheriff to amend his return so that it stated that the property was attached "as the property of A & B." *Held.* 1. That though the issue on the traverse of the ground laid for the writ as to A, was found in his favor, yet he was not entitled to an order for a return of the property.

2. That the court had a right to allow the sheriff to make such amendment to his return, and that when so amended, it must for the purposes of the action, be taken as true.

APPEAL from the Circuit Court for *Winnebago* County.

Action against *C. C. Taylor* and *N. B. Taylor* to recover a money demand, in which the plaintiff sued out an attachment for reasons stated in the opinion of the court, and the sheriff returned in the first instance that he had attached the property in question, as the property of *C. C. Taylor*, the appellant, but on the day preceding the trial of the traverse of the affidavit for attachment, made by the appellant, the sheriff amended his return by certifying that he had attached the property in question "as the property of the defendants *C. C. Taylor* and *N. B. Taylor*." There was no traverse of the cause assigned in the affidavit, for an attachment, as to the defendant *N. B. Taylor* nor was there any allegation that the defendants were partners, or that the property attached was partnership property. After the trial of the traverse of *C. C. Taylor* to the affidavit to procure the attachment, and the finding of the court thereon was filed, whereby the court found on that issue for the defendant *C. C. Taylor*; the court made an order, reciting that said issue had been tried and found for him, and also, that "it appearing that the property attached, was attached as the joint property of both defendants," directing "that said property remain in the custody of the sheriff pending the suit, subject to the order of the court, and that the costs of the defendant *C. C. Taylor* be taxed according to law." From so much of the order as determined that the property attached was the joint property of the defendants, and ordered it to remain in the custody of the sheriff, &c., the defendant *C. C. Taylor* appealed. Such other facts as are material are stated in the opinion of the court.

*A. L. Collins & S. U. Pinney*, for appellant.   1.  The portions of the order appealed from are not authorized by the statute, and the issue on the affidavit for the writ having been found for the appellant, he was entitled to an order for a return of the property, &c, (R. S., ch. 130, sec. 26); the only issue the court was authorized to try and determine, was that made as to the truth of the statements contained in the affidavit for the attachment.   2.  The defendants were sued jointly, and unless the property of both was liable to the process, the attachment must fail, and it cannot be maintained in an action where the property of one is liable to the process and that of the other is not.   3.  If the property in question was the joint property of the defendants, and was attached as such, they not being sued as partners, unless the attachment was well issued against both, then the order would be wrong, because the appellant could not be deprived of the possession of his property by the writ, any more than if he had never been a party to it. *Marsh vs. Cotton*, 3 Wis., 231 ; *Mersereau vs. Norton*, 15 Johns., 179 ; *Acker vs. Burrell*, 21 Wend., 489.   The effect of attaching the joint interest of *N. B. Taylor* would be, to give the sheriff the same right for the time being over the property that *N. B. Taylor* himself had, and that right would not extend to taking it from the possession of the appellant *C. C. Taylor*, or to keeping it from his possession or control.   Story on Part., sec. 262, notes.   The sheriff could not be placed in any better position in reference to it, than the partner or joint owner whose interest was attached.   *Newman vs. Bean*, 1 Fost., 93 ; *Page vs. Carpenter*, 10 N. H., 81 ; *Morrison vs. Blodgett*, 8 N. H. 245.

*J. M. Gillett & M. A. Edmonds*, for respondent.

*By the Court*, PAINE, J.   This suit was commenced against the appellant, who was a resident of this state, and against *N. B. Taylor*, who was a resident of Illinois.   A writ of attachment was issued upon an affidavit, showing the non-residence of *N.*

*B. Taylor*, and alleging that the appellant had disposed, and was about to dispose of his property, with the intent to defraud his creditors. The appellant traversed the affidavit, and on the trial of that issue, the judge found in his favor.

A quantity of flour, wheat and some other personal property had been seized on the writ, and by the original return made by the sheriff, it was said to have been attached as the property of *C. C. Taylor*, the appellant. Had the return remained in this shape, the appellant would of course, have been entitled to an order for the property, after finding the traverse in his favor. But the return had been amended so as to say that the property had been attached as the property of *both* defendants. The judge therefore, though finding that no ground for attachment existed against the appellant, ordered that the property remain in the custody of the sheriff, for the reason, that as it was attached also as the property of the non-resident defendant, it might still be held on that ground. In this we think he was right. We suppose that under the statute, where there are grounds for an attachment against one defendant, the writ may issue against him, though there may be no cause for issuing it against the others. And if this is so, his interest in any property, which he may own jointly with others, must be liable to seizure, just as it would be if the suit were against him alone. Thus, in this case, if the non-resident defendant had been the only defendant, and he had owned the property seized, jointly with the appellant, there can be no doubt that his interest might have been attached and the officer could retain possession of the property. Drake on Attachment, § 248 ; *Remington vs. Cady*, 10 Conn., 44 ; *Reed vs. Howard*, 2 Met., 36.

The case of *Mersereau vs. Norton*, 15 Johns., 179, also sustains the same rule, though it was cited by the appellants counsel in support of the contrary doctrine.

They also refer to some cases which have held that in cases of partnership, their property cannot cannot be seized on

an execution or attachment against one partner so as to deprive the others of possession. There is a conflict of authorities on this point mentioned in Drake on attachments, at. the close of the section above cited. But it is unnecessary to examine it here, for the reason that those cases which hold that the partnership cannot be deprived of the possession in such cases, proceed upon a ground which fails entirely in a case of *mere joint ownership.* That is, as stated by the court in *Newman vs. Bean,* 1 Foster (N. H.), 98, that "the interest of a partner is not the interest in the specific articles belonging to the firm, but only an interest in the surplus that may remain after the debts .of the firm shall have been paid." For this reason, and because the other partners have a right to have an account, so as to determine whether the particular partner has any interest in the property seized on or not, those cases have held that they could not be deprived of the possession. But this reason fails entirely in a case of mere joint owners, which is all that is claimed here, so that those authorities are inapplicable.

There can be no doubt of the right of the court to allow the sheriff to amend his return, and after it was amended, it must for the purposes of this action, be taken as true.

It follows that although the issue on the affidavit was found for the appellant, his rights remained just as they would if no ground for attachment had been alleged against him, but it had been seized only on an attachment of the alleged interest of the non-resident.

The order is affirmed, with costs.