MILTON P. HIGGINS *vs.* JAMES M. DRENNAN.

Worcester.   October 7, 1892. — November 23, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Attachment of bulky Personal Property — Statute — Officer — Levy — Abandonment.*

Iron lathes and planers in use in a factory, weighing from sixty-five hundred to eighty-two hundred pounds, except one weighing fifteen hundred pounds, attached by an officer whose return states that, by reason of its bulk, the prop-

erty cannot be immediately removed, are within the Pub. Sts. c. 161, § 69; and the officer is not prohibited by the statute from leaving the attached property in the owner's use.

The fact that bulky personal property, which has been attached by an officer proceeding under the Pub. Sts. c. 161, § 69, is allowed to remain in the owner's use for thirteen months before the levy of execution upon it, does not constitute an abandonment of the attachment.

HOLMES, J.    This is an action of replevin brought by a purchaser from the owner with notice, against an officer for goods attached by him in the way provided for property which cannot be removed immediately.    Pub. Sts. c. 161, § 69.    The goods were large iron lathes and planers in use in a factory. They weighed from 6,500 to 8,200 pounds, except one, which weighed 1,500 pounds, and the return stated that, by reason of its bulk, the property could not be immediately removed.    It is argued that the case was not within the statute, and that the statute does not permit the property to be left in use by the defendant.    But the statute does not prohibit attached property being left in the owner's use, and there is no more objection to its being done than in the case of a recorded mortgage.    The public are given notice by the deposit of the copy of the writ and return in the town clerk's office.    As to the other point, the statute has been held to apply to property more manageable than this.    *Reed* v. *Howard*, 2 Met. 36.    *Arnold* v. *Stevens*, 11 Met. 258.    *Polley* v. *Lenox Iron Works*, 4 Allen, 329.    *Scovill* v. *Root*, 10 Allen, 414, 415.

The attachment was on March 31, 1891.    The seizure on execution was not until May 3, 1892.    It is said that the attachment, if good, was lost by abandonment.    But the property " is not to be regarded as in the possession or custody of the officer, and no such responsibility devolves upon him as if it were."    *Hubbell* v. *Root*, 2 Allen, 185, 186.    As we have implied, this form of attachment is like a recorded lien.    After depositing the copy of the writ and return, the officer had nothing further to do until execution, " at least so long as the difficulty of its removal remained."    See *Cheshire National Bank* v. *Jewett*, 119 Mass. 241, 245.

*Judgment for defendant affirmed.*

*W. S. B. Hopkins*, (*F. B. Smith* with him,) for the plaintiff.
*C. A. Merrill*, for the defendant.