ELIZA A. AYER *vs.* CHARLES A. BARTLETT.

Worcester.    October 5, 1897. — January 8, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Replevin — Married Woman doing Business on Separate Account — Attachment — Statute — Law and Fact.*

In an action by a married woman against a deputy sheriff for attaching wood as the property of her husband, the court said that even if it be assumed that she was carrying on the farm, which was several miles distant from the lot from which the wood was cut, on her separate account, yet it did not appear, as matter of law, that the wood was employed in the business within the meaning of Pub. Sts. c. 147, § 11.

An attachment of wood in the manner prescribed by Pub. Sts. c. 161, § 69, although it purports to be only of the right, title, and interest of the husband therein, he having no right, title, and interest in it, must be held to be an assertion of a

lien thereon, and of the right of possession, and, as the attachment was void, the wife is entitled to maintain replevin for the wood against the officer who attached it.

REPLEVIN of about five hundred and fifty cords of wood. Trial in the Superior Court, before *Hopkins*, J., who found for the defendant, and reported the case for the determination of this court. The facts appear in the opinion.

*F. P. Goulding*, (*W. C. Mellish* with him,) for the plaintiff.

*W. S. B. Hopkins*, (*F. B. Smith* with him,) for the defendant.

FIELD, C. J. The defendant admits in argument that the wood replevied was not the property of Alton E. Ayer, the husband of the plaintiff. His contention is, first, that although the wood belonged to the wife, yet it was liable to be attached on a writ against the husband as his property, because it was property employed by the wife in the business of carrying on the farm on her separate account, and no certificate had been recorded, as required by Pub. Sts. c. 147, § 11; and, secondly, that it appears from the officer's return of service of the writ in the action against the husband, that the officer, the defendant in the present action, attached only all the right, title, and interest of the husband in the wood, and that therefore it does not appear that he attached any property belonging to the plaintiff in the present action. The report of the case concludes as follows:

"Thereupon, the plaintiff and defendant rested, there being no other evidence in the case. The plaintiff then asked the court to make the following rulings:

"(1) There is no evidence to warrant the finding that the wood in question was the property of Alton E. Ayer, or was liable to attachment for his debts.

"(2) The wood cut from the defendant's lot in Berlin is not shown by the evidence to be the property employed in any business which the plaintiff was then doing or proposed to do on her own separate account.

"(3) The evidence from the defendant's return on the writ of *Daniels* v. *Ayer* shows that the defendant so dealt with the property in question as to be liable to this action for replevin.

"I adopted as correct the first two prayers, but refused to adopt the third prayer, and ruled that the defendant had not attached the wood, and that there was no evidence that he had dealt with ·

it in such a way as to make him liable to this writ of replevin, and thereupon, against the plaintiff's objection and exception, directed a verdict for the defendant. And now after verdict I report the case to the Supreme Judicial Court for its determination; if the ruling was right, judgment is to be entered upon the verdict, but not for a return of the property replevied; if the ruling was wrong, the verdict is to be set aside and judgment is to be entered for the plaintiff. If, however, the court should rule that, as matter of law, the wood was the property of Alton E. Ayer, and was liable to attachment for his debts; or, as matter of law, was liable to attachment for the husband's debts in the absence of the filing of a married woman's certificate, and that the same was attached by the defendant, then the verdict is to stand, and judgment for a return to be entered."

We cannot say, as matter of law, that the wood was liable to attachment as the property of the husband. If we assume that the wife was carrying on the farm on her separate account, yet it does not appear, as matter of law, that the wood was property employed in such business within the meaning of Pub. Sts. c. 147, § 11. The wife owned the lot of land from which the wood was cut. It cannot be said, as matter of law, that her title as shown by the evidence was fraudulent and void as against her husband's creditors. The wood when cut was her property, that is conceded. The lot of land from which it was cut was distant nine or ten miles from the farm, and was in part pasture and in part woodland. Whether the intention was to sell the wood in the market or to use it on the farm, or what the intention was in respect of the use to be made of the wood, does not appear from the report. The husband testified that the defendant said " that he had just attached the wood in Northborough that the witness had advertised," but whether this is any evidence that the wood had been advertised to be sold we need not consider. If the intention was to sell the wood in the market, we certainly cannot say, as matter of law, that it was property employed in carrying on the farm, and that as such it was liable to be attached as the property of the husband.

The defendant attempted to attach the wood in the manner prescribed by Pub. Sts. c. 161, § 69. By this section of the statutes an attachment made in the manner prescribed " shall

be equally valid and effectual as if the articles had been retained in the possession and custody of the officer." The return of service by the defendant of the writ against the husband is that he has "attached as the property of the within named defendant all his right, title, and interest in and to 550 cords of wood, more or less, in pasture," etc. The contention is that, if the husband had no right, title, and interest in the wood, there was no attachment in fact of the wood. The defendant apparently used a part of the form of the return often used in making a general attachment of real estate. *Woodward* v. *Sartwell*, 129 Mass. 210. The wood in this case was property of a kind which could be attached in the manner prescribed in Pub. Sts. c. 161, § 69. *Reed* v. *Howard*, 2 Met. 36. *Scovill* v. *Root*, 10 Allen, 414. *Higgins* v. *Drennan*, 157 Mass. 384.

It is said in *Hubbell* v. *Root*, 2 Allen, 185, "The language of the statute is this : ' Such attachment shall be equally valid and effectual, as if the articles had been retained in the possession and custody of the officer.' We think it follows clearly that property thus attached, although a lien is created upon it for the benefit of the creditor, is not to be regarded as in the possession or custody of the officer, and that no such responsibility devolves upon him as if it were." Also that " where the property is wrongfully removed, the creditor would have the remedy by an action in the name of the officer against the wrongdoer." See *Higgins* v. *Drennan*, 157 Mass. 384.

In *Polley* v. *Lenox Iron Works*, 4 Allen, 329, it was held that an officer attaching property under this provision of statute, although he has not taken it into his actual care and custody, could maintain an action in the nature of trover against a wrongdoer who had removed and sold the property. *Reed* v. *Howard*, 2 Met. 36.

In the present case, if the whole property, or an undivided part of it, had been liable to attachment as the property of the husband, the attachment would have created a valid lien on the property, and the officer, if he saw fit, could have taken actual possession of it. *Reed* v. *Howard, ubi supra.* *Hayden* v. *Binney*, 7 Gray, 416.

We think that this attachment, although it purports to be only of the right, title, and interest of the husband in the wood,

and it is found that he had no right, title, or interest in it, cannot be held necessarily to be void by reason of the form of it, but must be held to be an assertion of a lien by attachment upon the whole of the wood, and of the right to take actual possession of the whole of it; and that, as the attachment was void because the wood was not liable in whole or in part to attachment in a suit against the husband, the plaintiff is entitled to maintain replevin for it against the officer. The wood may be regarded as constructively in the possession of the officer, for the purpose of trying his right to a lien upon it by virtue of the attachment, as it would be regarded if he had brought trover against a wrongdoer for the conversion of it. In accordance with the terms of the report, there must be

*Judgment for the plaintiff.*