GREEN DAVIS *vs.* DANIEL LEARY.

Essex.    November 7, 1900. — January 15, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

The court will take judicial notice of the fact that fifty tons of hay are so bulky that they cannot be immediately removed, and an attachment of such hay under Pub. Sts. c. 161, § 69, by depositing with the town clerk a certified copy of the writ and of the return of the attachment is good, although the officer's return states no reason for making the attachment in this manner. *Semble,* however, that such an omission in the return is not good practice.

Where fifty tons of hay were attached under Pub. Sts. c. 161, § 69, as too bulky to be immediately removed, and the hay thus attached was entirely used and consumed by direction of the defendant before judgment, it was *held,* that the plaintiff preserved his attachment by causing his execution to be placed in the hands of the attaching officer within thirty days after entry of judgment, without any levy and without any demand for the non-existing hay.

TORT to recover for the alleged conversion of fifty tons of hay.   Writ dated July 15, 1898.

At the trial in the Superior Court, before *Pierce*, J., it appeared that on August 20, 1896, the plaintiff sued out a writ from the Superior Court of Essex County, against one Horace Moody, and placed it in the hands of one Ayers, a deputy sheriff, for service.   On the same day Ayers served the writ, and made his return thereon, concerning personal property, as follows : " On said 20th day of August I attached all the right, title and interest that the said Horace Moody had in and to the following personal property, to wit : 31 head of cattle, 4 horses, 4 hogs, 2 sets double farm harness, 2 sets light double harness, 2 single light harness, 2 single heavy harness, 1 hay tedder, 1 hay rake, 2 mowing machines, 3 plows, 2 harrows, 1 cultivator, 1 ox cart, 1 horse cart, 2 hay wagons, 1 business wagon, 1 buggy, 1 phaeton, 1 democrat wagon, 1 covered carryall, 2 sleighs, 50 tons of hay, and on the same 20th day of August, 1896, I caused to be recorded in the town clerk's office of the town of West Newbury, in said County of Essex, a true and attested copy of this writ, with so much of my return thereon as refers to the attachment of the above described personal property.   And on the same twentieth day of August, 1896, I posted a notice of said attachment of personal property above named upon the premises where said personal property is kept."

The action of *Davis* v. *Moody* resulted in a judgment for the plaintiff, and an execution was issued thereon and placed in the hands of Ayers for service.   A levy was made upon real estate of Moody, which was sold and a deed executed to Davis as purchaser, leaving a portion of the judgment still unsatisfied.

It appeared that after the attachment and before the levy of execution, the fifty tons of hay named in the officer's return had been consumed by the cattle and horses mentioned in the same return, having been fed out to them under the direction of Moody by the defendant, who was Moody's servant.

The defendant asked the judge to rule, that the officer had not made any valid attachment of the personal property described in the officer's return upon the writ in the action of *Davis* v. *Moody*, and that the attachment, if any had been made, was lost by the failure of the officer to make any levy upon the personal

property above described within thirty days after the plaintiff Davis recovered judgment.

The judge ruled that he would take judicial notice that fifty tons of hay was, by reason of its bulk, an article that could not be easily removed, and that there was a valid attachment made of the fifty tons of hay described in the officer's return, but that the attachment was invalid as to all the other personal property described in the officer's return, and that the attachment of the hay was not lost by the failure of the officer to attempt to make a levy thereon within thirty days after judgment, as the hay had been entirely consumed before the judgment.

The jury returned a verdict for the plaintiff for the value of the hay ; and the defendant alleged exceptions.

*J. W. Keith,* for the defendant, submitted the case on a brief.

*E. S. Spalding,* for the plaintiff.

BARKER, J.    1. The first contention is that the attachment of personal property was invalid because the return did not state in terms that by reason of bulk, or for some other reason, the fifty tons of hay could not be removed immediately upon being attached.

The statute does not require in terms that the return shall state why the officer proceeds under it.    Pub. Sts. c. 161, § 69. See Gen. Sts. c. 123, § 57; Rev. Sts. c. 90, §§ 33–35.    The earliest case involving the validity of such an attachment was one holding such an attachment of cord wood and charcoal to be good, although the return had no statement that the articles were bulky, and gave no reason why the officer proceeded under the statute.    *Reed* v. *Howard,* 2 Met. 36.    Reasonable inferences may be drawn from the statements of a return when there is no danger of doing injustice to those concerned.    *Stone* v. *Dana,* 5 Met. 98, 107.    In that case an officer directed to search for certain stolen goods described in his warrant returned that he had found three pieces of goods, and this return was construed to mean that he had found three pieces of the goods described in his warrant.    That fifty tons of hay are so bulky that they cannot be readily removed from place to place is a matter of which the court properly could take notice, and could take into consideration in passing upon the validity of the attachment of the hay.

It would however have been much better practice to have stated the circumstances which justified the officer in not removing the hay and, so far as it alone was concerned, in relying upon record under the statute to preserve his lien. If it had been contended that the course pursued had preserved the attachment as to the domestic animals, farm tools and other articles named in the return, we do not intimate that the attachment would not have been lost upon such articles. The plaintiff does not seek to recover, except in respect to the hay.

2. The other contention is that the attachment of the hay was lost by the failure of the officer to levy upon it within thirty days after the judgment.

Before the rendition of the judgment the hay had been destroyed by the defendant's own wrongful act in feeding it out to live stock by which it had been consumed. By causing execution to be issued upon the judgment and placing the execution in the attaching officer's hands for service before the expiration of thirty days after the entry of judgment the plaintiff did all that was incumbent upon him to do to preserve his rights in the attachment, and in the officer's claim for damages for destroying the hay. *Blake* v. *Kimball*, 106 Mass. 115. It was of course impossible for the attaching officer to levy upon the hay within the thirty days, because it had ceased to exist before that period began to run. Nor was any demand necessary under the circumstances, the hay having been destroyed by the defendant's own wrongful act. *Webster* v. *Coffin*, 14 Mass. 196.

The question of abandonment of the attachment by leaving the possession of the personalty attached in the hands of the debtor was not raised in the Superior Court and is not open here.

*Exceptions overruled.*