NALDA J. BEAULIEU *vs.* EMBURY P. CLARK.

Hampden. September 26, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & SHELDON, JJ.

*Execution. Attachment. Officer.*

When personal property is held by a deputy sheriff under attachment upon writs in different actions against the same defendant, such officer, not only must receive and execute all subsequent orders for the attachment of such property while it is in his custody, but also must receive and levy all executions which may issue in any of the actions, and it is right for such officer to refuse to surrender the property to another deputy sheriff to whom an execution upon a judgment in one of the actions has been delivered for service.

TORT against the sheriff of the county of Hampden for the alleged wrongful act of one Sullivan, a deputy of the defendant, in refusing to deliver to one Laduke, another deputy of the defendant, who held for service an execution in favor of the plaintiff, a horse which had been attached on the plaintiff's writ as belonging to one Reid against whose property the execution was issued, whereby the plaintiff lost his attachment on the horse and all benefit of his judgment and execution. Writ dated March 19, 1910.

In the Superior Court the case was tried before *Pierce,* J., without a jury. The facts appeared in evidence which are stated in the opinion.

The defendant asked the judge to rule that upon all the evidence the plaintiff could not recover. The judge refused to make this ruling, and also refused to make certain other rulings requested by the defendant, which have become immaterial. He ruled that upon all the evidence the plaintiff was entitled to recover the value of the horse at the time that the demand for its delivery was made by Laduke upon Sullivan. The judge found for the plaintiff in the sum of $170; and the defendant alleged exceptions.

The case was submitted on briefs.

*R. J. Talbot,* for the defendant.

*J. O'Shea,* for the plaintiff.

RUGG, C. J.    This case presents a novel question respecting the rights of different deputy sheriffs touching personal property attached upon several writs.    It is an action against the sheriff of Hampden county.    The plaintiff was the plaintiff in a writ sued out of the Police Court of Chicopee, upon which personal property of one Reid therein named as defendant was attached by a constable.    Later a deputy of the defendant named Sullivan demanded from the constable the property attached for purpose of attachment upon a writ in favor of another plaintiff against the same Reid, which the constable was not qualified to serve. The constable surrendered to Sullivan the property as required by law.    R. L. c. 167, § 42.    Thereafter, but before judgment upon the subsequent writ, the plaintiff recovered judgment in his action, and seasonably placed the execution in the hands of one Laduke, another deputy of the defendant, who demanded of deputy sheriff Sullivan the delivery to him of the property in order that he, Laduke, might sell it upon the execution in favor of the plaintiff.    This demand was refused, and subsequently Sullivan sold the property on execution in the later action.

The question is whether when personal property is held under attachment in successive actions, the earliest of which goes to judgment, the attaching officer alone has the right to sell the property upon the execution or whether the execution may be given to another qualified officer who has thereupon the right to take possession of the property in order to make the sale.    It is the law of this Commonwealth that where property has been attached by a deputy sheriff it cannot be attached afterwards by a different officer, but other writs should be placed in the hands of the first attaching officer.    *Watson* v. *Todd,* 5 Mass. 271. *Vinton* v. *Bradford,* 13 Mass. 115.    *Thompson* v. *Marsh,* 14 Mass. 269.    *Wheeler* v. *Bacon,* 4 Gray, 550.    *Robinson* v. *Ensign,* 6 Gray, 300.

It is plain also that if there is but one attachment, the attaching officer has no vested right to make levy upon the execution issuing in the action upon which the attachment was made.    The execution may be given to another officer for service.    *Sewall* v.

*Mattoon,* 9 Mass. 535. *Smith* v. *Bodfish,* 39 Maine, 136. *Lovell* v. *Sabin,* 15 N. H. 29, 37. Neither of these principles quite reaches to the facts in the present case.

It may be urged that an attachment is retention of the property in the hands of the law as security for the debt, and that an execution is a separate and distinct process, which can be levied upon the property by any competent officer, and that the rights of subsequent attaching creditors are preserved by the obligation resting upon the selling officer to hold the proceeds for their benefit (see *Drewe* v. *Lainson,* 11 Ad. & El. 529, 537) ; and that there may be the implication from R. L. c. 177, § 44 (which requires an officer who sells personal property on execution, in the event that it has been "attached by another creditor, or seized on another execution, either by the same or another officer" to apply the proceeds of the sale "to the discharge of the several judgments in the order in which the respective writs of attachment or execution were served "), that the first execution may be levied by an officer other than one holding the property under a subsequent attachment.

But the opposite view is supported by stronger reasons. It is fundamental that an attachment of ordinary chattels rests upon possession, and is immediately dissolved when the attaching officer parts with custody. *Sanderson* v. *Edwards,* 16 Pick. 144. *Field* v. *Fletcher,* 191 Mass. 494, and cases cited at 496. It would seem incongruous to hold that attachments made upon subsequent writs held by the first officer should be preserved, when the property itself is delivered out of his possession into that of another officer for levy of an execution. There is no provision of statute and no principle of practice which authorizes the first officer to hand over his subsequent writs to the second officer, or which otherwise preserves the attachments. Moreover, it would be a difficult question to determine how an attachment might be made upon a writ issuing after the property had been handed over to the second officer but before the sale. To which officer ought such a writ to be delivered for service ? These and other troublesome questions will be avoided by establishing the plain and simple rule that when personal property is held under attachment upon two or more writs or precepts, the officer having custody of the property under such attachments shall receive

and execute not only all subsequent orders of attachment but also all executions which may issue in any of the actions.   This is the more convenient procedure.   It will be more easily understood by those whose duty calls them to know this branch of the law, and who are often men not trained in technical niceties.   It is in harmony with the practice as to attachments upon successive risks, a practice which had its origin in convenience and orderliness.

Probably effect may be given to R. L. c. 177, § 44, by construing the words " another officer " quoted above as applying to those exceptional instances, where from the nature of things the personal property legally attached cannot be taken into the physical custody of the attaching officer, for example, to attachments of bulky personal property made under R. L. c. 167, § 45, where the attaching officer does not take the property into his actual possession (*Hubbell* v. *Root*, 2 Allen, 185, *Polley* v. *Lenox Iron Works*, 4 Allen, 329, *Scovill* v. *Root*, 10 Allen, 414, *Higgins* v. *Drennan*, 157 Mass. 384, and *Ayer* v. *Bartlett*, 170 Mass. 142) and to attachments of franchises of corporations authorized to receive tolls, R. L. c. 109, § 42 (see St. 1906, c. 463, Part III, § 158), and perhaps to certain aspects of equitable attachments under R. L. c. 159, § 3, cl. 7, as amended by St. 1910, c. 531, § 2.   It would have applied also to sales of corporate shares held by attachment under R. L. c. 167, §§ 66 to 68, in force when said § 44 was enacted although since repealed.   St. 1910, c. 531, § 1.

The defendant's request for a ruling that upon all the evidence the plaintiff could not recover should have been given. The case seems to have been fully tried, and it does not appear that any advantage would ensue from another trial.

In accordance with St. 1909, c. 236, let the entry be

*Judgment for the defendant.*