EMILY H. McLEARN, administratrix, *vs.* RUPERT H. STEVENS (and a companion case [1]).

Middlesex.     December 2, 1946. — September 30, 1947.

Present: QUA, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Attachment. Practice, Civil,* Officer's return.

Evidence, that a combined apparatus, comprised of a tractor operated by Diesel oil and a bulldozer connected therewith, weighed seventeen thousand pounds and was about twelve and one half feet long and seven and one half feet wide and could be moved by means of its own power although the usual way to move it a considerable distance was to run it onto a truck or trailer by means of its own power and then to transport it in the truck or trailer, did not warrant a finding that it was subject to attachment under G. L. (Ter. Ed.) c. 223, § 50, as property which "by reason of" its "bulk or for other cause," could not "be immediately removed."

A return of an officer upon a writ in an action in which he purported to make an attachment under G. L. (Ter. Ed.) c. 223, § 50, stating that the property so attached could not be "immediately or easily removed," was not conclusive of that fact against uncontradicted evidence of physical facts showing the contrary.

TWO ACTIONS OF TORT. Writs in the Superior Court dated January 21, 1944.

---

[1] The companion case is a similar action of tort for the conversion of the same tractor, prosecuted by the same plaintiff against Walter Reed Corporation, which in March, 1943, bought the tractor from the defendant Stevens.

The cases were heard together by *Hammond,* J., without a jury.

*H. Snyder,* (*S. L. Bailen* with him,) for the defendant Walter Reed Corporation.

*R. L. Ryder,* for the defendant Stevens.

*A. S. Allen,* for the plaintiff.

LUMMUS, J. The plaintiff, as administratrix of the estate of Arthur H. McLearn, a deputy sheriff, prosecutes these actions of tort, begun by her intestate, for the conversion of a tractor connected with a bulldozer. Her intestate attached the combined apparatus on November 10, 1942, in an action against the defendant Stevens in which the plaintiff in that action obtained judgment and execution. The plaintiff contends that the attachment was valid. A judge sitting in the Superior Court, without a jury, found for the plaintiff in each case with damages in the sum of $5,186.50. The cases come here upon the exceptions of each defendant.

The questions argued relate to the validity of the attachment of the apparatus. The plaintiff's intestate found it in operation near a road, and told the operator that he was attaching it. He placed upon it a paper stating that it was attached. He left a "keeper" with it, but the keeper did not retain possession of it. He then went to the house of the town clerk and gave him a copy of the writ with the return of the attachment upon it and the fee required by G. L. (Ter. Ed.) c. 223, § 51. Specifically, the question in these cases is whether the attachment was valid as an attachment of bulky goods under G. L. (Ter. Ed.) c. 223, § 50.

The section last cited provides as follows: "If an attachment is made of articles of personal property which, by reason of their bulk or for other cause, cannot be immediately removed, a certified copy of the writ, without the declaration, and of the return of the attachment, may, within three days after the attachment, be deposited in the office of the clerk of the town where it is made; and such attachment shall be as valid and effectual as if the articles had been retained in the possession and custody of the officer."

In most cases in which this form of attachment has been held valid, the articles lacked wheels or other means of loco-

motion. *Reed* v. *Howard*, 2 Met. 36 (twenty cords of wood and thirty bushels of charcoal). *Hubbell* v. *Root*, 2 Allen, 185. *Polley* v. *Lenox Iron Works*, 4 Allen, 329 (more than five tons of glass, some in boxes and some loose). *Scovill* v. *Root*, 10 Allen, 414 (fifty tons of pig iron). *Cheshire National Bank* v. *Jewett*, 119 Mass. 241. *Higgins* v. *Drennan*, 157 Mass. 384 (factory machines weighing three or four tons each). *Ayer* v. *Bartlett*, 170 Mass. 142 (five hundred fifty cords of wood). *Davis* v. *Leary*, 177 Mass. 526 (fifty tons of hay). The railroad car which was held attachable in this manner in *Hall* v. *Carney*, 140 Mass. 131, had mobility, it is true, but its mobility was limited to the tracks of a small local railroad.

The bill of exceptions contains all the evidence. There was evidence that the apparatus was operated by Diesel oil and could be moved under its own power. The usual way to move it a considerable distance, however, was to run it into a truck or trailer by means of its own power, and then to transport it in the truck or trailer. The apparatus was about twelve and one half feet long and seven and one half feet wide, and weighed seventeen thousand pounds. The foregoing evidence was not contradicted, and the plaintiff in her brief declares that "There was no dispute as to the size, weight and manner of operation of the machine involved in the case at bar." The judge found that the apparatus "was not readily removable," and that it "was not the sort of motor driven vehicle that could or should be operated by the ordinary licensed operator of an automobile or truck." An examination of the evidence discloses nothing to warrant these findings. We are of opinion that the requests made by each of the defendants, in substance for a finding for each of them as matter of law, should have been granted. The refusal of those requests was error.

The judge granted a ruling requested by the plaintiff as follows: "If it reasonably could be found that the tractor and bulldozer in question came within the provisions of G. L. (Ter. Ed.) c. 223, § 50, McLearn's determination that they did come within this statute is binding upon this court." We need not consider whether the conclusion stated in the

request would follow in a proper case. In the present cases it could not reasonably "be found that the tractor and bulldozer . . . came within the provisions of" the section cited.

The plaintiff points out that in the return on the writ her intestate declared that the apparatus could not be "immediately or easily removed," and contends that the return of an officer upon a writ is prima facie evidence of the facts recited. *Whithead* v. *Keyes*, 3 Allen, 495. *McGough* v. *Wellington*, 6 Allen, 505, 507. *Riley* v. *Tolman*, 181 Mass. 335, 336. *Bay State Wholesale Drug Co.* v. *Whitman*, 280 Mass. 188, 194. But whatever the effect of such a return, it is not conclusive in the present cases. The physical facts shown by the evidence make it clear that the apparatus could have been "immediately removed" without much difficulty. We think we should be giving more weight to a technicality than is required by law if we should support the finding by reliance on the return, in the face of evidence showing the contrary.

In each case the entry will be

*Exceptions sustained.*
*Judgment for the defendant.*