# ORLEANS COUNTY.

## August Term, 1839.

Present, Hon. STEPHEN ROYCE,
  " JACOB COLLAMER,
  " ISAAC F. REDFIELD, } *Assistant Justices.*
  " MILO L. BENNETT.

### Thomas Jameson v. John W. Mason *et al.*

A deputy sheriff, who has attached property on a writ, cannot be charged with neglect in not keeping it and delivering it over on execution, unless the execution was seasonably delivered to him, or a demand made of him, by the officer having the execution.

The want of such demand is not excused where the officer delivered the property to the debtor, who has removed from the county therewith.

Scire facias, upon a judgment, rendered by the county court, at their June term, 1838, in favor of the plaintiff against the defendants, in an action on a bond given by the defendants to the plaintiff, sheriff of Orleans county, conditioned that the said John W. Mason, who had been appointed by the plaintiff a deputy sheriff in and for said county of Orleans, should faithfully perform the duties of deputy sheriff, &c., and save the plaintiff harmless and indemnify him from all actions, damages, expenses, &c., accruing to the plaintiff by reason of any malfeasance, &c., of the said Mason in

Jameson,
*v.*
Mason *et al.*

his said office of deputy sheriff, which bond was dated the 16th day of December, 1833.

The plaintiff, after reciting said judgment, alleged, in substance, that on the 26th day of September, 1834, at Craftsbury, in the county of Orleans, one Pearly Ayer prayed out his writ of attachment in due form of law, against Hughey Rogers, of Lowell, in said county, directed to the sheriff of said county or his deputy, &c., demanding in damages $200, made returnable to the county court, then next to be held at Irasburgh, in said county, on the fourth Tuesday of December, 1834, and afterwards, to wit, on the 3d day of October, 1834, delivered said writ to said Mason, who was then a deputy sheriff as aforesaid, under the plaintiff, to be executed ; that on the same 3d day of October, 1834, the said Mason, as such deputy, executed said writ by attaching, as the property of said Rogers, one bay mare and one yoke of oxen, of the value of $200; that said writ was duly returned to said county court at the term thereof to which it was made returnable, and such proceedings were thereon had that, at the same term of said county court last aforesaid, the said Ayer recovered a judgment against the said Rogers, in the suit aforesaid, for $107,00 damages and $22,19 costs ; that the said Ayer afterwards, on the fifth day of January, 1835, prayed out a writ of execution of that date, on said judgment for the damages and costs aforesaid, in due form of law, made returnable in sixty days from its date, directed to the sheriff of Orleans county, his deputy, &c., and afterwards, on the 3d day of February, 1835, delivered said writ of execution to the plaintiff, who then, and for more than sixty days thereafter, was sheriff of said county, to be levied on said mare and oxen, which execution was then in life, and the said judgment upon which it issued was in full force ; that the said Mason, disregarding his duty, as deputy sheriff as aforesaid, to keep said mare and oxen to satisfy said judgment, did not safely keep them, but suffered them to remain in the possession of the said Rogers, who absconded with them out of the limits of said Orleans county, and out of the knowledge of the plaintiff, before the issuing of said writ of execution, and has not returned, by reason whereof the plaintiff, on the 16th day of February, 1835, having made diligent search throughout his precinct, and not having been able to

find the body, nor any proper of the said Rogers, whereof to levy said writ of execution, returned the same into the office of the clerk of said county court, with a *non est inventus*, under his official signature, indorsed thereon ; that afterwards, to wit, on the seventh day of May, 1835, the said Ayer prayed out a writ of trespass on the case against the plaintiff, setting forth the above facts, and the acts and doings of the said Mason and the plaintiff, above mentioned, made returnable to said county court, at the June term thereof, 1835, which writ was duly served upon the plaintiff and entered in said court at the term thereof last aforesaid; that such proceedings were thereon had that afterwards, at the March term of the supreme court, 1837, the said Ayer recovered a judgment in his favor against the plaintiff, in said last mentioned suit, for $142,27 damages and $33,30 costs, which said last mentioned judgment the plaintiff had been compelled to pay and satisfy to the said Ayer. The plaintiff made a profert of the records of said judgments, and further averred that the said Mason did not execute all the duties appertaining to his office of deputy sheriff, and had not kept harmless and indemnified the plaintiff, &c.

To this declaration the defendants filed a general demurrer, and the plaintiff joined in demurrer.

The county court decided that the declaration was insufficient, and rendered a judgment for the defendants, from which decision the plaintiff appealed to this court.

*E. Paddock and Cooper & Redfield*, for plaintiff.

The only question that can arise upon the pleadings, in this case, is, whether the plaintiff was bound to demand of Mason the property attached, by the latter, upon the writ in favor of Ayer, against Rogers? We think that no such demand was necessary, and the case of *Johnson* v. *Edson*, 2 Aik. R. 302, sustains this position. The sheriff and his deputies are but one person or officer, in law, and the act of the deputy is regarded as the act of the sheriff. When property is taken by a deputy, it is in the custody of the sheriff, he, alone, being responsible to the creditor for its safe keeping, and a delivery of an execution to the sheriff or his deputy is charging the property when it had been attached by either. And it is immaterial whether the execution is delivered to the deputy, who made the attachment, or to the

sheriff. A delivery of a writ to a deputy is a legal delivery to the sheriff. *Smith* v. *Joiner et al.,* 1 D. Chip. R. 62. *Johnson* v. *Edson ut sup.. Davis* v. *Miller,* 1 Vt. R. 9. *Ayer* v. *Jameson,* 9 Vt. R. 363.

But if an execution is delivered to a constable or bailiff, and the property was attached by the sheriff or his deputy, in that case, the creditor, to charge the property, must see that a demand is made of the attaching officer within thirty days from the rendition of the judgment, for the reason that the execution was not delivered to the same officer, in law, who made the attachment. *Ayer* v. *Jameson,* above cited.

*Maeck & Smalley,* for defendants.

The declaration shows that the plaintiff could not be made responsible to the original debtor for the property. He was liable to the original creditor, only, and made himself liable by his own neglect of duty. *Ayer* v. *Jameson,* 9 Vt. R. 363.

When an officer attaches property on *mesne process,* and the execution is put into the hands of a different officer, and no demand is made of the property within thirty days from the rendition of final judgment, or sixty days in some cases, the lien of the attaching officer is gone and his liability ceases. *Enos* v. *Brown,* 1 D. Chip. R. 280. *Scott* v. *Crane,* 1 Conn. R. 255. *Cole* v. *Wooster,* 2 do. 203. *Gates* v. *Bushnell,* 9 do. 530. *Clark* v. *Washburn,* 9 Vt. R. 302. *Bliss* v. *Stevens,* 4 Vt. R. 88.

The statute, p. 68, expressly dissolves the attachment unless the goods are taken in execution within thirty days. Whether Mason was bound to keep the property thirty or sixty days is not material, as no demand was ever made.

Ayer recovered of the plaintiff, (9 Vt. R. 363,) on the ground that the plaintiff had neglected to demand the property of Mason, whereby Ayer lost his lien.

The plaintiff has not alleged, in his declaration, that the property was disposed of or destroyed, but merely that it was not in the county. Although it was not in the county, it does not appear that it was not in Mason's power to deliver the property had he been requested so to do. The sheriff had not, necessarily, lost his lien in consequence of its removal. He might have retaken it, even if it had been removed out

of the state. *Brownell* v. *Manchester*, 1 Pick. 232. *Utley* v. *Smith*, 7 Vt. R. 154.

ORLEANS, *August*, 1839.

Jameson *v.* Mason, *et al.*

The opinion of the court was delivered by

COLLAMER; J.—As to third persons, the official acts of all deputy sheriffs are the acts of the sheriff, and the delivery of process to any deputy is a delivery to the sheriff. The creditor, in order to charge property in execution, must deliver the execution within thirty days after judgment, to the sheriff who attached the property; that is, he must deliver it to that sheriff or any of his deputies, who by himself, or any of his deputies, attached the property. If the execution be delivered to a constable or a different sheriff, then the property must be demanded of the sheriff, who attached, within the thirty days. But, as between themselves, the sheriff and his deputies are different persons, having different and independent duties and responsibilities. If a deputy attach property and the execution is seasonably delivered to him, he must sell the property on the execution, or he is guilty of neglect. But if the execution is delivered to any other officer, the attaching officer is guilty of no neglect, unless he neglect to deliver the property, on reasonable demand. This is not altered when the execution is delivered to the sheriff; for though a delivery to a deputy is a delivery to the sheriff, yet a delivery to the sheriff is not a delivery to the deputy. The deputy may deliver the property, for safe keeping, to whom he pleases, with or without a receipt, and reclaim it, at his pleasure. If he delivers it to the debtor he risks all subsequent sales and attachments, and the fact that the keeper goes with the property without the county, or the state, does not change the rights, interests, or liabilities of the parties. The qualified interest and lien continues and, notwithstanding all that is alleged in this case, the deputy sheriff might, on a reasonable demand, have procured from the debtor and surrendered to the sheriff the attached property, in a few hours or even in a few minutes. The debtor may have been just without the line of the county or state, (for this is a frontier county,) with the property ready to deliver up and which the deputy had an undoubted right to reclaim. The execution not having been delivered to the deputy, and no demand having been made on him, nor any sufficient excuse made

therefor, this action cannot be maintained.    Had it appeared that the property had been destroyed or sold, by the debtor, so that no demand could have been of any possible use to the attaching officer, as in the case of *Johnson* v. *Edson*, it would have made a different case.

Judgment, that the declaration is insufficient.