## JOHN. M. WEEKS v. WILLIAM B. MARTIN.

If a debtor be committed to jail on *mesne* process for want of bail, the execution must be placed in the officer's hands in season to commit him within fifteen days after the rendition of judgment against him, notwithstanding the debtor may have actually escaped from the jail, and gone to parts unknown, previous to the rendition of the judgment; and, if not so done, no action can be sustained against the sheriff by the creditor for such escape.

ACTION ON THE CASE for an escape.

On trial it appeared that one Willard Fletcher was arrested on *mesne* process, at the suit of the plaintiff, Sept. 7, 1840, and, for want of bail, was committed to Addison county jail, where he continued until the 26th of November, 1840, when he broke jail and escaped to parts unknown. The plaintiff recovered final judgment against said Fletcher at the December term of Addison county court, 1841, on which execution issued, bearing date Dec. 28, 1841. On the 15th of January, 1842, the execution was placed in the hands of a proper officer to execute, upon which he made a return of *non est inventus* Feb. 26, 1842. The defendant was sheriff of the county of Addison, and the action was for the escape of Fletcher.

- On these facts the court directed the jury to return a verdict for the defendant. Exceptions by plaintiff.

*C. Linsley* for plaintiff.

The question raised in this case is on the construction of the 16th section of the 24th chapter of the Revised Statutes, p. 456.* This section is evidently framed for the relief of the debtor, when he is actually in confinement, and to force the creditor, by an actual commitment, to place him in a situation to have the benefit of the poor debtor's oath. The words " shall be," in the first line, relate to the judgment, or the expiration of the fifteen days from the rendition thereof; and the true sense of the section, it is conceived, may

---

* Which enacts that " When any person shall be confined in jail, by virtue of an original attachment in any civil action, if the creditor shall not, within fifteen days from the time of rendering final judgment in such action, cause such prisoner to be committed on execution, the keeper of the jail shall discharge such prisoner from custody."

be expressed thus : — If a person is confined in jail by virtue of an original attachment, and remains in jail for fifteen days after the judgment, unless the creditor within that time commit such debtor, the jailor shall discharge him.

That this is the true sense most conclusively appears from what the creditor is required to do. He is required, not merely to take out an exection and deliver it to the officer, and thus charge the debtor in execution, but he must cause the debtor to be committed on the execution ; and, in a case where this section was designed to operate, it is submitted that nothing short of an actual commitment will satisfy the statute. Hence the debtor must be in actual confinement during the fifteen days succeeding the rendition of final judgment.

*Starr & Bushnell* for defendant.

The execution not having been put into the hands of the officer till after the fifteen days had run, it is the same, as respects the right of the plaintiff to recover in this case, as if no execution had issued. Can bail on *mesne* process be charged by proof that the judgment debtor was without the county, or the state, during the whole sixty days after judgment rendered, without issuing any execution against the judgment debtor ? See *Jameson* v. *Mason et al.*, 12 Vt. 599.

In England, and in the State of New York, in case of an arrest on *mesne* process and a return on the writ of *cepi corpus*, the sheriff is not liable for an escape, though he suffer the prisoner to go at large, provided he have him in court on the return of the writ, or bail above be put in in time. 2 Saund. R. 61, c. *Pariente* v. *Plumbtree*, 2 Bos. & Pul. 35. *Fuller* v. *Preste*, 7 T. R. 109. *Stone* v. *Wood*, 5 Johns. 182. So, also, after a negligent escape, the voluntary return of the prisoner, before suit brought, is equivalent to a recaption on fresh pursuit, and either discharges the sheriff from the escape. *Dole* v. *Moulton et al.*, 2 Johns. Cas. 205. *Bonafous* v. *Walker*, 2 T. R. 130. *Drake* v. *Chester*, 2 Conn. 475. 3 Com. Dig. 574.

In this state, the having the prisoner by the sheriff for fifteen days after judgment, or at the end of the fifteen days, liable to be taken in execution, must discharge the sheriff from the action for an escape, provided the execution be duly issued ; and the fact of the

escape, by which the sheriff is to be charged, is to be ascertained by the due issuing of the execution, and the return of *non est inventus* duly made thereon.

The opinion of the court was delivered by

ROYCE, J. The plaintiff delivered his execution against Fletcher to a proper officer more than fifteen days, and less than thirty days, after judgment was recovered; and the question is, whether this was in season to charge the defendant for the escape of Fletcher, which had already happened.

If the plaintiff was only bound to use reasonable diligence in attempting to collect his judgment of the debtor, it should doubtless be considered that the execution was seasonably placed in the officer's hands. But, if his remedy against this defendant depended upon a compliance with the 16th section of the statute relating to county jails, and the confinement and discharge of prisoners, the execution was not delivered out in time. It is contended for the plaintiff that the case is not affected by that section of the act, inasmuch as Fletcher was not a prisoner in jail, when the judgment was obtained; that, having previously escaped and fled from the country, he could neither be committed on execution, nor discharged by the jailer. We think, however, that the section referred to must still be considered as applicable to the case. This is required in just analogy to other statutory provisions, which prescribe to a judgment creditor the means of preserving securities acquired under his original process. I shall only instance the case of personal property attached at the commencement of a suit, and afterwards wasted or eloigned before the recovery of judgment. Such a state of facts is never allowed to excuse or qualify the duties required of the creditor. If he would perfect his cause of action against the attaching officer, he must do all that would be requisite, preparatory to a levy on the property within thirty days after judgment. In the language of the statute, he is to " take the property in execution " within the thirty days,—as in this case he is to procure a commitment of the debtor within fifteen days. Both may be alike impossible to be literally accomplished, and yet the creditor is bound to act as if both were practicable. The reason is, that these limitations of time, being fixed with special, if not

exclusive reference to some collateral and contingent liability of a third person, impose conditions to be strictly performed, in order to render such liability complete and absolute. Hence we conclude, that, as the execution against Fletcher was not delivered to an officer in season to have had a commitment within fifteen days after judgment was obtained, the suspended liability of the defendant for the previous escape of Fletcher never became fixed. And the judgment below must therefore be affirmed.