NELSON BLAKE & another *vs.* CHARLES KIMBALL.

Flour attached on mesne process was stolen from the custody of the officer, and consumed, through his negligence. The plaintiffs recovered judgment, but did not take out execution till more than thirty days afterwards. *Held,* that the officer was not liable to them for the flour, although in his return he stated that it had been stolen from him, and within the thirty days after judgment he gave them notice that it had been both stolen and consumed.

TORT against the sheriff of Middlesex, for the negligence of one of his deputies.

At the trial in the superior court, before *Brigham,* C. J., it appeared that on June 8, 1868, John H. Clark, a deputy of the defendant, attached certain barrels of flour, the property of Jacob A. Barbey, a baker, on a writ against him in favor of the plaintiffs, and placed a keeper in charge thereof; that on June 21, through the negligence of the keeper, the flour was removed by Barbey and baked into bread; that Clark, in his return on the writ, stated that the flour had been feloniously taken from him

by Barbey ; that the writ was duly returned, and the action entered at July term 1868; and that judgment was rendered therein for the plaintiffs on February 9, 1869, and execution issued on March 25, 1869.

The plaintiffs offered evidence to show that, within thirty days after the judgment was rendered, Clark gave them notice that the flour had been taken and used as aforesaid, and that he should be unable to levy an execution upon it; but the judge excluded the evidence as immaterial, ruled that the plaintiffs could not maintain their action, and directed a verdict for the defendant, which was returned, and the plaintiffs alleged exceptions.

*R. M. Morse, Jr.,* (*C. P. Greenough* with him,) for the plaintiffs.

*D. S. Richardson & F. W. Kittredge,* for the defendant.

AMES, J. Upon the attachment of personal property on mesne process, the duty of the attaching officer to the plaintiff in the suit is to keep the attached property safely, so that it may be forthcoming in order to be taken upon such execution as shall be issued in thirty days after the final termination of the suit in a judgment in favor of such plaintiff. The extent of the plaintiffs' right and of the officer's duty, as to such property, is that it shall be so forthcoming. During the pendency of the suit, the officer may make such arrangements upon his own responsibility, in regard to the custody of the property, as he may think proper. To these arrangements the attaching creditor is not a party, unless he should choose to make himself so by direct participation or express consent. The removal of the attached property beyond the officer's reach would have no effect on the rights and liabilities of the parties in relation to each other. The attached goods remain constructively in the officer's possession, and his liability to the creditor, and the creditor's rights against him, are exactly the same as if the possession, instead of being constructive, was actual and literal. *Howard* v. *Smith,* 12 Pick. 202.

It appeared at the trial, that from the negligence of the keeper, (who, as we must suppose, was the officer's servant, and for whose neglect the officer would be responsible,) the goods were taken away and disposed of or consumed by the debtor. The plaintiffs

prosecuted their suit to final judgment, but no execution was taken out until after the expiration of the thirty days. They however insist that, as the goods have passed not only out of the officer's hands, but out of existence, the law does not require of them the idle and useless ceremony of demanding of him what it is impossible that he should deliver, or placing in his hands an execution upon which no service can be made. This may be true, but it does not follow that they are not bound at least to show that they had entitled themselves to levy upon the goods, if they had been faithfully kept. They must in our opinion show that they are judgment creditors, and that they took out execution within the thirty days.

As to the cases cited by the plaintiffs upon this point, they do not maintain their claim. The case of *Cooper* v. *Mowry*, 16 Mass. 5, goes no farther than to decide that, where the attachment has been lost by the failure of the deputy sheriff to retain possession, it is not necessary, in order to hold the sheriff for the default, to show that the delinquent deputy was notified of the suing out of the execution, or that the goods should be demanded of him, within the thirty days. The case implies that the execution was seasonably issued and delivered to another deputy of the same sheriff. *Webster* v. *Coffin*, 14 Mass. 196, was a suit by a deputy sheriff against a receiptor who had promised to return the attached property on demand. It was held that the receiptor could not avail himself of the fact that no demand had been made upon him within the thirty days, it appearing that the officer had been held to answer to the attaching creditor. In *Phillips* v. *Bridge*, 11 Mass. 242, the execution was seasonably taken out and was delivered within the thirty days to another deputy, and the delinquent deputy was informed within the thirty days that the attached property was wanted. The decision was merely to the effect that a delivery of the execution to him was not necessary " to continue his liability." *White* v. *Bagley*, 7 Pick. 288, was a case between two officers, and depended upon a written agreement, and not upon the general rights and duties of attaching creditors. *Hill* v. *Pratt*, 29 Verm. 119, was a case in which the neglect of duty on the officer's part was not the failure to

keep property attached, but the failure to make any attachment at all, and for that reason apparently the court say that "it was not necessary to issue an execution on the judgment and deliver it to the officer within thirty days after its rendition."

With regard to the alleged waiver, we think that at the utmost it can only be construed as an admission by the deputy of his own delinquency, but that it did not in any event relieve the plaintiffs of the necessity of proving all other facts upon which their right of action depends. To make out their own title, they are still required to show by the record that they are judgment creditors, and that they took out their execution seasonably and fully entitled themselves to have it satisfied from the attached property. Until they do so much, they have no right to complain that the property has gone beyond their reach. If the creditor " would perfect his cause of action against the attaching officer, he must do all that would be requisite preparatory to a levy on the property within thirty days after judgment." " The reason is, that these limitations of time, being fixed with special, if not exclusive, reference to some collateral and contingent liability of a third person, impose conditions, to be strictly performed, in order to render such liability complete and absolute." *Weeks* v. *Martin*, 16 Verm. 237, 239. The case of *Jameson* v. *Mason*, 12 Verm. 599, is exactly in point.

The ruling of the superior court was correct, and accordingly the                                            *Exceptions are overruled.*