TIMOTHY STACKPOLE *vs.* JOHN H. HILTON & another.

Essex. Nov. 9, 1876. — Jan. 15, 1877. COLT, DEVENS & LORD, JJ., absent.

The liability of an officer, who has delivered goods attached by him to a receiptor, ceases, if the attaching creditor, in whose favor judgment has been rendered, fails to take out execution within thirty days thereafter.

CONTRACT against John H. Hilton and Edward T. Bubier, on a receipt signed by them, which, after reciting the delivery to them by the plaintiff of five cases of boots, attached by the plaintiff, a constable, as the property of one Murphy, on a writ in favor of J. E. Smith and C. L. Smith, contained a promise to deliver the property on demand and to save the plaintiff harmless "from all costs, trouble and expense that shall or may arise to him through our default in consequence of his intrusting said property in our hands."

The case was, by an agreement of the parties, and under a rule of court, referred to an arbitrator. The arbitrator allowed the defendants, against the objection of the plaintiff, to show that, at the date of the receipt, there were no goods, such as were described therein, in the manufactory of Murphy, where they were attached, and so found. The arbitrator also found that judgment was rendered for the plaintiffs in the action upon which the attachment was made, on March 13, 1874, and that execution was issued thereon on April 13, 1874. The arbitrator returned his award in favor of the defendants.

In the Superior Court, the award was accepted, and judgment ordered upon it for the defendants; and the plaintiff appealed.

*H. P. Fellows*, for the plaintiff.

*E. K. Phillips*, for the defendants.

AMES, J. The only interest which the plaintiff had in the property described in the receipt was that of an attaching officer. Upon the assumption (which, however, we do not decide) that the receipt signed by the defendants, upon the faith of which it is claimed that the officer had abandoned a valid attachment, estopped the defendants to deny that goods were attached of the kinds described in the receipt, yet, the extent of his responsibility to the attaching creditors was that the property should be forthcoming to be taken on their execution within thirty days

after the date of their judgment. The lien created by the attachment would expire at the end of that time, unless the property should in the mean time be seized upon such execution. But no execution was delivered to the plaintiff, or to any other officer, or was issued, till after the expiration of that time. Whatever lien was created by the attachment was therefore dissolved, and the liability of the plaintiff to the attaching creditors had come to an end. *Parker* v. *Warren*, 2 Allen, 187. *Blake* v. *Kimball*, 106 Mass. 115. *Howard* v. *Smith*, 12 Pick. 202. *Baker* v. *Fuller*, 21 Pick. 318. *Jameson* v. *Mason*, 12 Vt. 599. *Weeks* v. *Martin*, 16 Vt. 237. Considered as a contract of indemnity, the obligation on the defendants did not go beyond the responsibility which the plaintiff incurred in his official character, and from that he was relieved by the expiration of the lien created by the attachment.        *Judgment for the defendants.*