HENRY G. NIMS vs. GEORGE W. SPURR & others.

Franklin. Sept. 16, 1884. — Jan. 9, 1885. C. ALLEN & COLBURN, JJ., absent.

Where a case is removed from a state court to a Circuit Court of the United States, the time in which an execution can issue on a judgment or decree there rendered depends upon the laws of the United States, and not upon the laws of the State.

The amended record in a suit in equity showed that the final decree therein was entered on May 12. The execution, which was issued on June 8, recited that, at a certain term of the court, which was recited correctly, and, under a videlicet, on April 12, judgment was recovered; and in this respect it followed the record as originally made, in which April was written instead of May by a clerical error. *Held*, in an action by an officer against the receiptors of property attached by him in the suit recited in said record, that the execution was valid.

While a suit in equity was pending in the Supreme Judicial Court, a special precept was issued, under the St. of 1876, c. 167, returnable on the first day of the next term of the court, under which an attachment was made. The officer took a receipt for the goods, and did not return the precept into court until after the first day of the term, and after the case had been removed into the Circuit Court of the United States. *Held*, that the failure to return the precept on the return day named in it was not a bar to an action on the receipt.

CONTRACT, by a deputy sheriff, upon an instrument in writing, signed by the defendants, which recited the attachment by the plaintiff of certain personal property "by virtue of a writ" in favor of the William Rogers Manufacturing Company against the Rogers and Spurr Manufacturing Company; that the attached property was estimated and valued at $10,000 ; and that the writ was returnable to the Supreme Judicial Court to be holden at Greenfield on the second Tuesday of April next; and proceeded as follows : " Now in consideration of the premises, and of said H. G. Nims allowing the above property, so by him attached, to remain in the charge and possession of the said Rogers and Spurr Manufacturing Company, we hereby jointly and severally promise and agree, that said property is the lawful property of the said Rogers and Spurr Manufacturing Company, and is of the aforesaid value, and that we will, on demand, deliver the said property to the said H. G. Nims, in like good order and condition as the same is now in, and of its present value, or in case of our neglecting or refusing to deliver the property as aforesaid we will pay on demand to the said H. G. Nims,

or his lawful representatives, the amount of debt and costs which shall be recovered in the said suit, together with all lawful fees upon such execution or executions as may be placed in the hands of said H. G. Nims, or his legal representatives."

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on an agreed statement of facts, the material parts of which were as follows:

The plaintiff made the attachment mentioned in the receipt on March 25, 1881, by virtue of a special precept issuing from the Supreme Judicial Court, under the St. of 1876, c. 167, after the filing of the bill in a suit in equity between the parties mentioned in the receipt. The precept was returnable " on the second Tuesday of April then next," which was April 12, 1881. On March 26, 1881, the defendants delivered the receipt to the plaintiff, and he thereupon, and in consideration thereof, allowed the property attached by him to remain in the possession of the Rogers and Spurr Manufacturing Company, and it was afterwards consumed and disposed of by the company in the usual course of its business.

On April 13, 1881, the suit in equity was removed into the Circuit Court of the United States for the District of Massachusetts. After this removal, the special precept, with a return of the officer showing his doings thereon, was handed to the clerk of the Supreme Judicial Court, by the attorney of the plaintiff in that suit.

A final decree was afterwards entered in the Circuit Court, in favor of the plaintiff in that suit, for the sum of $1 nominal damages, and $2139.18, costs. The first clause of the decree, after the title of the case and the words " October term, 1881," was as follows : " This cause came on to be heard at the said October term, 1881, of said court, upon the pleadings and proofs, and was argued by counsel for the respective parties, and upon consideration thereof, to wit, April 12, 1882, the form of the decree being assented to, it was ordered, adjudged, and decreed as follows." It further appeared from the records of the Circuit Court, that on July 3, 1882, Judge Lowell ordered that the record be corrected to conform to the fact, by making the final decree of date of May 12, 1882, instead of April 12, 1882. The

Circuit Court has two terms each year, oné on May 15, and the other on October 15.

On June 8, 1882, an execution issued out of said Circuit Court, for $1 debt or damage, and $2139.18, costs of suit.  The execution recited, among other things, that the plaintiff in said suit in equity, by the consideration of the judges of said Circuit Court, " begun and held at Boston for and within our District of Massachusetts, aforesaid, on the fifteenth day of October, A. D. 1881, to wit, on the twelfth day of April, 1882, recovered judgment in a suit in equity against the Rogers and Spurr Manufacturing Co."   This execution was placed on June 8, 1882, in the hands of a deputy of the marshal of the District of Massachusetts, and said deputy thereupon demanded of the plaintiff the said property attached by him, and the plaintiff informed the deputy that he had not the property but held the receipt therefor.   On June 8 and 9, 1882, said deputy marshal, with the plaintiff's assent, and in the plaintiff's presence, made demand upon each of the defendants to deliver up said property to him or to the plaintiff, but the defendants severally refused so to do ; and the deputy marshal, on the same days, with the assent of and in the presence of the plaintiff, máde a further demand upon each of the defendants to pay the amount of the debt and costs recovered in said suit in equity, and the defendants severally refused to pay the same.

The execution issuing out of the Circuit Court was never placed in the hands of the plaintiff, who was neither the marshal nor a deputy of the marshal of the District of Massachusetts.

If upon the above facts, so far as the same were competent and admissible, the plaintiff was entitled to recover, judgment was to be entered for the sum of $2140.18, with interest from June 8, 1882, and costs of suit ; otherwise, for the defendants with costs.

*F. Chamberlin & J. A. Aiken,* for the plaintiff.

*S. O. Lamb,* (*D. W. Bond* with him,) for the defendants.

W. ALLEN, J.   To maintain this action, it must appear that the plaintiff had an interest in the contract, as attaching officer, at the time the demand was made.   If the right of the attaching creditor under the attachment had ended, so that it could

not call upon the officer to enforce such right, the plaintiff would have had no interest in the property or in the contract to deliver sufficient to sustain the action. *Butterfield* v. *Converse*, 10 Cush. 317. *Stackpole* v. *Hilton*, 121 Mass. 449. *Shumway* v. *Carpenter*, 13 Allen, 68.

The defendant contends that no valid execution had been taken out by the creditor and placed in the hands of the officer when the demand was made; and that none has been taken out since the demand; and that therefore the creditor has lost its rights under the attachment, and the plaintiff is under no liability to it. The execution was issued on the 8th day of June; the final decree, as shown by the amended record, was entered on May 12. The defendants contend that the statutes of this Commonwealth, Pub. Sts. c. 151, § 22, and c. 161, § 53, giving a right of appeal in equity cases from the decree of a single judge to the full court for thirty days after the decree, and providing that, in suits where an appeal may be taken from the decree of a single judge, execution shall not issue within thirty days from the date of the decree, and that the attachment in the suit shall be held for thirty days after the right of appeal expires, apply to cases in the United States courts, carried there by removal from the state courts, and extend the time within which an execution cannot issue to thirty days after the decree. It is very clear that the statutes of this Commonwealth cannot give a right of appeal from a decree of a United States court; and that such right of appeal, and the time within which it may be exercised, must depend upon the laws of the United States.

It is further contended by the defendants, that the execution was void; and that, in fact, no execution was ever issued on the decree. The execution recited that, at a certain term of the court, and, under a videlicet, on April 12, 1881, judgment was recovered; and in this respect it follows the record as originally made. In that, April was written instead of May by a clerical error. But the execution recited correctly the term of court at which the judgment was rendered, and conformed to the record in its recital of the day on which judgment was entered. It was issued after the decree was entered, and when the plaintiff was entitled to an execution under the decree as actually made, as well as under it as recorded. The execution must conform to

the record of the judgment, and the record was correctly described in it. If it had recited a judgment rendered on May 12, it would have appeared to have been issued upon a different judgment than that shown by the record, at least until that should have been amended. The objection that the record and the execution, showing that the judgment was rendered on April 12, showed that the term had expired before the execution was issued, is answered by the amendment of the record, so that it showed that the judgment described in it as it stood from May 12 to July 3, and in an execution issued upon it during that time, as a judgment of April 12, was the judgment of May 12. What effect the amendment would have upon rights acquired upon the faith of the false record, or whether the amendment would have been allowed had it not appeared that there were no such rights to be affected, need not be considered. The parties acted on the truth, that the judgment was rendered on May 12, and that the execution was issued on that judgment; the original record with the amendment shows the truth, and also that the judgment was properly described in the execution as rendered on April 12.

The fact that the special precept on which the attachment was made was not returned into court until after the return day, and after the removal of the action to the United States court, would not dissolve the attachment. The precept was returnable at the April term of the court, on the first day of the term. The suit must have been pending before the precept could have been issued. The record of the issuing and return of the precept would be part of the record of the suit for that term. The return of the precept was a part of the record, and necessary to complete it, and might be made at any time during the term. For that purpose the term would be considered as one day, and a return filed at any time during the term would be sufficient.                *Judgment for the plaintiff.*