### HERSCHEL DAVIS *vs.* ABEL BALL & another.

The seller of an article, who has inserted a warranty of the same in a bill thereof receipted, cannot, in an action against him on the warranty, give evidence of a prior bargain for a sale of the thing, at the same price without warranty, for the purpose of showing that the warranty was without consideration.

A dentist having made a set of teeth, and been paid therefor, and delivered them, with a written warranty for one year, and that if on trial, they could not be made useful, the purchaser might return them and recover back the money paid; it was held, that there was no latent ambiguity in the words "made useful," that would let in parol evidence to explain them ; but that if the purchaser, by a fair and proper trial of the teeth, according to his own knowledge, and the instruc-tions given him by the dentist, at the time of the delivery of the teeth, could not make them useful to him, he had a right to return them within a year and recover back the price.

THE defendants, who were dentists in Boston, made an upper and part of a lower set of teeth for the plaintiff's wife, who lived in Vermont, and delivered and received payment for the same, under an agreement stated in the bill therefor, of which the following is a copy : —

"34 Tremont Row, Boston, 1847. Mrs. Davis to Drs. Ball & Co. Dr. Teeth filled, cleaned, inserted, extracted, and all operations in the best manner. To operations in dentistry, August 20 : Inserting one upper set and part of lower set of teeth on gold plate, warranted for one year; and if on trial they cannot be made useful, the teeth to be returned and the money refunded when called.

"$110.               Received payment,          A. Ball & Co."

This action was brought on the warranty, and tried before *Byington*, J., in the court of common pleas.

The plaintiff produced evidence to show a breach of the warranty, by proving that the teeth could not be made useful to the plaintiff's wife, and that they were returned to the de-fendants, and the price demanded of them, within a year from the date of the bill.

The plaintiff also produced a witness who testified, that she was with the plaintiff's wife when she employed the defend-ants, and was present when the contract was made, and that she was also three days with the plaintiff's wife at her house, after she received the teeth from the defendants. On the cross-examination, the witness having testified that she was present when the bargain was made for the price, the defendants in-

quired what was the price. The plaintiff objected, because the price appeared by the written contract; and the evidence was rejected. The witness then testified, that she was at the defendants' when the writing was made, and when the plaintiff's wife paid the $110 and took the bill; at which time she had been in possession of the teeth for a day or two.

The defendants then offered to show by this witness, on cross-examination, that there was a bargain made for the teeth, before the execution of the written one, which prior bargain contained no warranty, but was for the teeth, at the price paid for them; and they contended, that this evidence would show, that the statement of the warranty in the writing was without consideration. But the presiding judge ruled, that as there was a contract in writing executed at the time the money was paid, the evidence was inadmissible.

The defendants contended, that there was a latent ambiguity in the words "made useful," which would be suggested by the inquiry, "made useful by whom? by the plaintiff's wife, or by the subsequent adjustment of the defendants?" They thereupon contended, that parol evidence was admissible, to explain the ambiguity, and, for this purpose, they offered evidence, first, to prove the understanding and contemporaneous construction of the parties, by their conversation at the time; and, second, to prove the custom of the trade or profession by other dentists. The presiding judge being of opinion, that there was no such ambiguity in the contract, rejected the evidence, and instructed the jury, that, according to the true construction of the contract, the plaintiff's wife was to make trial of the teeth by using them; that if they did not fit her, and she could not make them useful to herself by a fair and proper trial of them, according to her knowledge, and the instructions given her by the defendants at the time of the sale, she had a right to return them; and that on returning them within a year, the plaintiff had a right to recover back the money which had been paid for them.

The jury, under these instructions, found for the plaintiff, and the defendants excepted.

*J C. Park,* for the defendants.

Davis *v.* Ball & another.

*N. Richardson,* for the plaintiff.

FLETCHER, J. The exclusion of the oral evidence, offered to show a bargain prior to the execution of the written contract, was justified by familiar and well-settled rules of evidence. This evidence was offered to affect the written contract. When parties have deliberately put their engagements into writing, all oral testimony of a previous conversation between them, or of conversations or declarations, at the time when the agreement was completed or afterwards, is excluded; as it would tend to substitute a new and different contract for that which was really and finally agreed upon and established between the parties. The writing is the best evidence of the contract ultimately concluded between the parties, upon which they intended to rely, and by which they intended to be bound. Then it was said, that the writing was a mere receipt, which might be contradicted. But so far from being a mere receipt, it was, in terms, a clear and express contract of warranty.

The evidence offered to explain a supposed ambiguity in the written contract was properly excluded, for the reasons assigned by the judge at the trial. If there is any ambiguity, it must be a patent ambiguity. But there is really no ambiguity, latent or patent. The construction put upon the contract by the judge at the trial was very clearly and manifestly correct. There is no ambiguity in the words, "made useful," and no difficulty arises from the inquiry "made useful by whom?" The answer to the inquiry is very obvious, — "made useful by the person who was to try them and for whom they were designed." The teeth were made, completed, finished. Though ever so skilfully made, it was uncertain, as it necessarily must be from the nature of the case, whether the person for whose use they were designed would be able to use them. It was therefore agreed that if the plaintiff's wife, upon trying them, should find she could not use them or make them useful, she might return them and the money should be refunded.

There is nothing in the contract to warrant the construction, that any thing more was to be done to the teeth by the defendants. They had done what they could do while Mrs. Davis remained here, and as to the future, the contract clearly

had reference only to what would be done upon trial by her to make them useful to her. The position, that the evidence was admissible to explain technical terms, cannot be sustained for two reasons; there were no technical terms, and the evidence was not offered for any such purpose or object.

*Exceptions overruled.*