## ARTHUR G. SAWYER *vs.* JOHN H. WILSON.

*Permit—rights of assignee under.   Delivery.   Sale on mesne process—notice of.*

An assignment of a permit to cut timber transfers to the assignee the trees after-wards cut under it, so as to enable him to maintain an action of trespass against an officer attaching the lumber as the property of the assignor.

An officer who sells attached property upon mesne process, without giving the notice required by law, becomes a trespasser *ab initio,* and will not be permitted to show in defense of a suit against him that the conveyance of the attached property by the debtor named in such process to the party suing the officer was fraudulent and void as to creditors.

A notice of a sale of goods taken and appraised on mesne process, defective for want of sufficient time, is not cured by a postponement of the sale on the day appointed therefor to one remote enough to answer the statute requirement. The officer cannot make a valid sale at the adjournment that would be invalid if made on the day originally designated.

ON REPORT.

TRESPASS against the sheriff of Penobscot county for the act of his deputy in taking a quantity of cedar rails, posts, stakes, and shingle timber, the property of the plaintiff, and selling them upon a writ in favor of Orimel Rogers *et al.* against Elisha Sawyer. The timber was cut under a permit given by Henry E. Prentiss to Elisha Sawyer and John Sutherland. Elisha assigned all his interest under the permit, before cutting at all, to the plaintiff, who also bought out Sutherland before the cedar, afterwards attached as aforesaid, was cut. The defendant justified the taking and sale, relying upon the authority of his precept and alleging that the transfer of the permit by Elisha Sawyer to Arthur G. was fraudulent and void as to Rogers & Co. and other creditors of said Elisha; but it appearing that the property was appraised on Saturday, the 9th day of March, 1872, and advertised upon that day to be sold on the next Tuesday, March 12th, and that the sale was thence adjourned to March 16, 1872, when the cedar was sold, the presiding justice ruled that the defense of fraud in

the assignment was not open to the defendant, and could not avail him, if proved. The defendant claimed that the assignment of the permit did not, of itself, carry the title to the timber afterwards cut under it, without any further delivery, so as to require the defendant to justify the taking, but the judge held otherwise. If these rulings were correct the defendant was to be defaulted; if not, the case was to stand for trial.

*Wm. H. McCrillis* and *J. H. Hilliard*, for plaintiff.

1. Assignment of permit carried all timber cut under it. *Fiske* v. *Small*, 25 Maine, 453.

2. The sale not being made by the defendant's deputy in the manner required by statute he cannot enter upon the question of the good faith of the transaction between the Sawyers. *Andrews* v. *Marshall*, 43 Maine, 272. He could not even adjourn upon the day he first advertised to sell. *Tuttle* v. *Gates*, 24 Maine, 398. He was a trespasser *ab initio*. *Ross* v. *Philbrick*, 39 Maine, 29; *Knight* v. *Herrin*, 48 Maine, 533; *McGough* v. *Wellington*, 6 Allen, 507.

*C. A. Bailey*, for defendant.

There was no evidence of due execution of the assignment. *Howe* v. *Farrar*, 44 Maine, 233. The assignment was, *prima facie*, an abuse of license and forfeited it, all rights reverting to the grantor. *Emerson* v. *Fisk*, 6 Greenl. 200; *Mugridge* v. *Eveleth*, 9 Met. 233.

Elisha Sawyer cut the timber. His possession negatives that of Arthur.

The permit was assigned in equitable mortgage, or pledge, and should have been recorded or possession retained by Arthur of the lumber. *Ware* v. *Otis*, 8 Greenl. 387; *Walker* v. *Staples*, 5 Allen, 34.

The officer kept the property four days before actually making sale of it and after giving requisite notice. *Knight* v. *Herrin*, 48 Maine, 533. He first intended to do an illegal act; but this will not invalidate subsequent proceedings which were lawful. *Gates*

v. *Lounsberry*, 20 Johns. 427 ; *Stoughton* v. *Mott*, 25 Verm. 668.
If possible, the officer's return and action should be sustained.
*Coggswell* v. *Warren*, 1 Curtis' Cir. Ct. 223 ; *Townsend* v. *Meader*,
58 Maine, 288.

DICKERSON, J.   This is an action of trespass against the de-
fendant, as sheriff, for default of one of his deputies in attaching
and selling a quantity of cedar, the property of the plaintiff.

The plaintiff claims title to the cedar under a permit assigned
to him by Elisha Sawyer, and given to said Elisha and one John
Sutherland by Henry E. Prentiss, Oct. 7, 1871, and by purchase
of Sutherland's interest.   The defendant justifies the taking by
his deputy under a writ sued out by creditors of Sawyer.

The case finds that the cedar was cut by Elisha Sawyer after
the assignment of the permit.   It was held in *Fiske* v. *Small*, 25
Maine, 453, that in such case the interest in the permit and the
license to cut the timber passes to the assignee without a formal
delivery, subject to the interference of the grantor of the permit
for any violation of the contract.   Moreover, as the cedar was cut
by the assignor of the permit, after the assignment, he must be
regarded as acting under the authority of the assignee in possess-
ion of the property.   The case also shows that the plaintiff pur-
chased Sutherland's interest in the permit before the attachment.

The plaintiff thus acquired a valid title to the property, as be-
tween himself and the original holders of the permit, and has the
right to require the defendant to show legal justification for taking
it.

The property was appraised at request of the plaintiff in the
original suit, and as the defendant did not take it at the appraisal
the officer advertised it for sale by giving four days' notice, includ-
ing the day of taking, Sunday, and the day of sale.   In such case
the statute requires the officer to keep the property " for the space
of four days, at least, next after the day on which it was taken,
exclusive of Sunday.   R. S., c. 81, §§ 30, 35 ; c. 84, § 3.

The officer, not having given the requisite notice of the sale of

the cedar, had no authority to sell it on the day designated therefor, and he did not undertake to sell it on that day, but "postponed said sale, giving notices as before." The original day of sale was March 12th, and the day fixed by the postponement was March 16th. The officer in his return used the word "postpone" in the sense of the statute, and we must conclude that he meant what he said, "a postponement of said sale," and not a new and independent notice of a sale. The "postponement" did not cure the defect in the original notice; he could not make a valid sale at the adjournment which would have been invalid if made on the day adjourned from. Legality, in such case, cannot be predicated upon illegality.

The justification, therefore, pleaded by the officer fails, and he must be regarded as a trespasser in selling the property. Being himself a wrong-doer, he is not in a situation to impeach the assignment of the permit to the plaintiff as a fraud upon the creditors of the assignor.

The rulings of the justice presiding were in accordance with the law of the case, and the parties have agreed, if they should be sustained, that the entry shall be          *Defendant defaulted.*

APPLETON, C. J.; CUTTING, WALTON, BARROWS, and PETERS, JJ., concurred.