LUCIER & a. v. PIERCE.

Proof that the defendant acted as sheriff at a certain time is *prima facie*
evidence of his official position at that time, in an action against him.

An officer having in his hands the proceeds arising from a sale, under
the statute, of goods attached on a writ, is bound to levy on the same
without specific directions, when the execution in the action is given
to him.

An officer's return is not conclusive as to the amount of funds in his
hands or as to his fees, in a suit against him in which he relies upon
it to prove his case.

A sheriff is not liable for the services of a keeper appointed by his
deputy.

CASE. Facts found by a referee. The defendant is sued as
sheriff of this county. Against the defendant's objection, the plain-
tiff was allowed to prove that the defendant acted as sheriff of this
county from July, 1874, to July, 1876: there was no other evi-
dence that he was such sheriff. It appeared that one Hosea B.
Spalding was a deputy of Pierce while he held the office of sheriff,
and that he had in his hands for service a writ, Lucier & Tessier
against Alexander Jacobs; that he sold on said writ goods of Ja-
cobs, attached on the same for the gross amount of $123.29, and
that in his return on the writ the sum of $41.90 was deducted as
the costs of keeping and selling the goods (the goods having been
examined and sold on the writ under the statute). Spalding also
claimed that he should be allowed such reasonable sum as he might
pay the keeper of said goods. The court, after the return day,
fixed the keeper's fees at $10. Against the defendant's objection
the referee examined the fees of the deputy sheriff, and reduced
the same to the extent of $10. Adding the $10 which the sheriff
was justified in charging for a keeper, and deducting $10 for over-
charges in other items, the referee finds that the $81.39 returned
by the deputy sheriff as the net amount in his hands as the pro-
ceeds of the sale upon the writ, is the sum which he in fact had in
his hands after making all lawful deductions for his fees and ex-
penditures.

On the 5th day of June, 1876, an execution issued in the suit
*Lucier & a.* v. *Jacobs*, and was placed in the hands of Spalding for
service, within thirty days from the date of judgment. His fees
upon the execution are $2.43, leaving in his hands, to be applied
on the execution, $78.96. Spalding paid at one time to Lucier &
Tessier the sum of $44.56; at another time he paid to their attor-
neys $9.91,—both sums being a part of the funds in his hands taken
upon the execution. During the pendency of the suit *Lucier & a.*
v. *Jacobs*, the keeper heretofore named brought a suit against

Spalding for his fees, which was entered in court. The same attorney who conducted the suit *Lucier & a.* v. *Jacobs*, defended the suit brought against Spalding by his keeper. Spalding testified that the said attorney called upon him for funds, and that he paid him $11.70, as he understood out of the funds in his hands, resulting from the sale of the goods on the writ *Lucier & a.* v. *Jacobs*, before the recovery of said judgment and issuing of said execution. The attorney testified that the $11.70 so paid was used in paying the costs and charges in the suit of the keeper against Spalding, not being a part of said keeper's fees, but that there was no agreement that said amount should be taken from the funds in the hands of the sheriff in the suit *Lucier & a.* v. *Jacobs*, although he understood that Spalding paid the amount from said funds. The referee disallowed this sum, and the defendant excepted.

The return of the sheriff upon said execution is as follows: "Hillsborough, ss.  June 12th, 1876.  Having in my hands the sum of $56.79, I have deducted therefrom the sum of $2.32 for my fees, and the residue, being the sum of $54.47, I have paid to the creditor, and return this execution satisfied in part, to wit, for the sum of $54.47."

Upon the foregoing facts, the referee awarded that the plaintiffs recover of the defendant $24.39, it being the balance in Spalding's hands after he had paid over the sums of $44.56 and $9.91.

The defendant demurred to the sufficiency of the declaration, on the ground that it did not allege any request or direction to the deputy to levy the execution upon the proceeds of the goods attached upon the writ.

*E. S. & H. A. Cutter*, for the defendant.

*G. B. French*, for the plaintiffs.

FOSTER, J.  This is an action on the case against a sheriff for the default of his deputy in neglecting to apply upon the plaintiffs' execution money collected by him from the sale of goods attached upon the original writ.  Proof that the defendant acted as the sheriff of this county from July, 1874, to July, 1876, was sufficient *prima facie* evidence of his official position at the time of the acts complained of.  1 Greenl. Evid., ss. 83, 92; 2 Greenl. Evid., s. 582; *Johnston* v. *Wilson*, 2 N. H. 202.  The sheriff and his deputies are considered as one officer, and the sheriff is liable for all acts of his deputy, done under color of his office, whenever the deputy would be liable for the same acts.  *Clough* v. *Monroe*, 34 N. H. 381, 390, and cases cited; Gen. Stats., c. 197, s. 2.

The defect claimed in the declaration is, that the plaintiffs do not allege any request or direction to the deputy to levy upon any of the proceeds of the sale of the goods attached upon the writ. But such request was unnecessary.  "When chattels are attached,

the officer is bound, on receiving the execution within thirty days
after judgment, to satisfy it out of the chattels, without any special
directions from the creditor, for the goods attached are presumed
to be in the possession or control of the officer, and the presence of
the creditor is not necessary to enable him to convert the goods
into money." *Start* v. *Sherwin,* 1 Pick. 521. In this case the
goods had already been converted into money, which remained in
the officer's hands; and he was bound to suppose that the creditor
intended to get satisfaction of his debt out of this money. *Start* v.
*Sherwin,* before cited; *Morse* v. *Knowlton,* 5 Allen 41; *Chapman*
v. *Bellows,* Smith (N. H.) 127; *Jackson* v. *Smith,* 52 N. H.
9, 13; Drake Attach., ss. 188, 190, 191; Shearman & Red. Neg.,
ss. 521–524.

The defendant further claims that the officer's return is conclu-
sive as to the amount of funds in his hands, except in a suit against
him for a false return. But the practical operation of this theory
would allow the officer to adjudicate upon the amount of his own
fees and disbursements, and apply such balance, as he alone might
see fit to allow, in satisfaction of the execution. An officer's return
may be conclusive in the suit or proceeding in which it is made,
but it cannot be conclusive in a suit against the officer, in which
he relies upon it to prove his own case. It is then in issue, and is
only *prima facie* evidence of the facts it recites. *McGough* v.
*Wellington,* 6 Allen 505. It may be said that the officer's lien for
his fees and necessary disbursements was paramount and prior to
that of the creditor; but he was not on that account relieved from
the obligation of accounting in his position as trustee or agent of
the plaintiffs. *Jarman* v. *Saunders,* 64 N. C. 367.

The officer's return, under Gen. Laws, c. 224, s. 27, and the
seventy-second rule of court, do not provide the only mode of ad-
justing an officer's account of his fees, to the exclusion of all other
methods. *Jackson* v. *Smith,* 52 N. H. 9, 14. If the clerk's revision
of costs were in any proper sense a judgment of the court subject
to exception, the ordinary incidents of a judgment might be con-
sidered as applying to such an adjudication. The taxation of costs
is a mere incident to the judgment, and does not preclude the
maintenance of an action against an officer for taking or retaining
illegal fees. Such is our impression; but at any rate we think
there can be no presumption that the officer's fees have been re-
vised by the court.

The exception to the disallowance by the referee of the amount
paid by the officer to the keeper is not tenable. A sheriff is not
liable for the services of a person employed by his deputy to keep
property attached by the latter. *Dooley* v. *Root,* 13 Gray 303;
*Dow* v. *Rowe,* 58 N. H. 125.

*Exceptions overruled.*

BINGHAM, J., did not sit: the others concurred.