THEODORE TROWBRIDGE AND LEWIS D. ROBERTS v. JAMES F. BULLARD.

*Attachment—Non-resident defendant—Jurisdiction—Fraudulent conveyances—Justification by officer—Void sale on execution.*

1. A judgment in an attachment suit where the defendant is brought in by publication, based upon the entry of his default before the expiration of thirty days from the filing of proof of the publication of the statutory notice, is void. *Woolkins v. Haid*, 49 Mich. 299; *Steere v. Vanderberg*, 67 Id. 530; *Nugent v. Nugent*, 70 Id. 52.

2. An officer who, after the seizure of goods under a *valid* writ of attachment, sells them upon an execution issued upon a *void* judgment rendered in the attachment suit, cannot justify under the writ of attachment in an action of trover brought by vendees of the attachment debtor by showing that such sale was fraudulent as to the vendor's creditors.

So *held*, where the goods were taken from the possession of the vendees upon a writ of attachment fair upon its face, and all of the after proceedings were regular down to the entry of the defendant's default,—he having been published in for. want of personal service, which was prematurely entered. Judgment was rendered, and an execution issued, upon which the attach-

ing officer sold the goods, after which the vendees sued him in trover, and he sought to justify under the attachment proceedings anterior to the entry of the default, and to show that the sale to the vendees was fraudulent as to creditors. And it is held that the property was not in the custody of the law at the time the trover suit was commenced, nor was it then held under legal process; that the writ of attachment had performed its office, and that the property was removed from its protection when it was levied upon; and that the execution, being void, was no justification to the officer in the trover suit.

3. The following general propositions are summarized from the opinion of Mr. Justice LONG:

*a*—An officer who seeks to justify under a writ of attachment in a suit brought by a vendee of the attachment debtor must first *prove* the existence of the debt for which the attachment was issued, unless established by a judgment against the debtor, in the absence of which the vendee may show that no such debt existed.[1]

*b*—The fact that an attachment is issued before the debt is conclusively established on which it is founded is not a sufficient reason for holding that the attaching creditor cannot show that the attached property is in fact the debtor's, when sued for it by a third person, who claims it by a title which is fraudulent as against the attaching creditor.

*c*—The office of a writ of attachment is to hold the property until the coming of an execution to enforce the judgment recovered in the attachment suit against the property of the debtor, but it cannot be so held beyond a reasonable time to obtain such judgment and issue and levy the execution, and the attachment is no justification to the officer in selling the property unless sold under *such* execution.[2]

Error to Van Buren. (Buck, J.) Argued June 5, 1890. Decided June 13, 1890.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Mills, Osborn & Goss,* for appellant.

---

[1] See *Treat v. Dunham,* 74 Mich. 114 (head-note 1), holding that the recital of indebtedness in the affidavit for attachment is *prima facie* evidence of such indebtedness.

[2] In *Geiges v. Greiner,* 68 Mich. 153 (head-note 2), it is held that a delay of two months in levying such execution after it is legally issuable will not release the attachment levy.

*E. R. Annable,* for plaintiffs.

[The claims of counsel are stated in the opinion.—
REPORTER.]

LONG, J. There is no controversy over the facts in
this case. As they appeared upon the trial in the court
below, they are substantially as follows:

On September 22, 1888, Messrs. Clark, Baker & Co.,
who were wholesale grocers at Jackson, in this State, had
a claim against one Frank Potts, of Decatur, and to
recover and collect it commenced a suit by attachment in
the circuit court for Van Buren county. The writ of
attachment was delivered to James F. Bullard, who was
then the under-sheriff of the county of Van Buren. On
September 22, Bullard attached a quantity of property,
consisting largely of teas, as the property of Frank Potts;
the same being then in the custody of Trowbridge &
Roberts, who claimed to have purchased it of Potts. It
was claimed that Potts had fraudulently disposed of the
property to Trowbridge & Roberts, to cheat and defraud
his creditors. The officer was unable to find Potts within
his county, and could not make personal service of the
attachment upon him. The writ of attachment was in
all respects properly returned; and on October 13, 1888,
a notice was published of the issuing of the attachment
pursuant to law. On November 28 proof of publication
of said notice of attachment was made. On the same
day an affidavit was filed of the non-appearance of the
defendant Potts, and the plaintiffs also filed their declara-
tion. On November 28 the default of Potts for want of
appearance was entered. On November 30 such default
was made absolute. On December 12, 1888, a judgment
was rendered in favor of Clark, Baker & Co., and against
Potts, for $206 and costs. On December 13, 1888, execu-
tion upon such judgment was issued and delivered to

Bullard, who on December 17 levied upon the same property which he had attached, and, after giving a proper and sufficient notice, sold the property to Clark, Baker & Co., the plaintiffs in the attachment suit, on January 3, 1889.

On March 5, 1889, Theodore Trowbridge and Lewis D. Roberts commenced a suit in the circuit court for Van Buren county against James F. Bullard by summons, and on May 1, 1889, filed a declaration as against him, in trover, for the property in question. The defendant appeared on May 15, and filed a plea of the general issue, and gave notice of justification under the attachment proceedings, and also under the levy of said execution.

At the trial, Theodore Trowbridge was sworn in behalf of the plaintiffs, and gave evidence tending to show the purchase of the property by himself and his co-plaintiff, Roberts, of the defendant Potts. Upon cross-examination, it was sought in behalf of the defendant to show that this sale was fraudulent, and made with the intent to cheat and defraud the creditors of Potts. The plaintiffs' attorney objected to this, and the court ruled that the testimony was inadmissible, and not proper cross-examination, as the case stood under the statement of counsel. The plaintiffs also gave evidence tending to show the value of the property, and rested their case.

Upon the part of the defendant, the proceedings in attachment[1] were offered in evidence, and some testimony was given controverting that introduced upon the part of the plaintiff as to the value of the property.

The plaintiffs then introduced in evidence the balance of the proceedings in the attachment suit, including the judgment, execution, and the levy and sale thereunder. It will be seen that the default of the defendant was

---

[1] The offer covered all of the papers up to and including the declaration filed in the case.

entered within three days after the filing of the plaintiffs' declaration therein, and that the judgment was entered within twelve days of such entry. It is conceded by defendant's counsel that the judgment, and the proceedings thereunder to sell the property, are void.

The defendant, however, claimed the right to justify under the attachment; insisting that, if the judgment was void, the attachment was still valid in his hands, and an ample and sufficient justification to him, provided it could be shown that the sale to the plaintiffs was fraudulent, and that the property attached was liable to attachment by the creditors of Potts. The court held, however, that the defendant could not justify thereunder, and directed the jury that, if they found the property had been sold by Potts to Trowbridge & Roberts, they (the plaintiffs in the action) would be entitled to a verdict for the value. Verdict and judgment were then given for plaintiffs for the value of the property. Defendant brings error.

The only question raised is whether, under the circumstances, the defendant was entitled to attack the transfer of the goods to the plaintiffs as fraudulent, though the judgment upon which the execution issued was void. It is claimed by counsel for the defendant that, though this judgment, and execution, levy, and sale thereunder, were void, yet that the attachment remained unimpaired, and the officer had the right thereunder to show that the alleged purchase by Trowbridge & Roberts was fraudulent.

The only evidence which defendant offered which was excluded by the court was his proposal to show that the purchase by plaintiffs from Potts was fraudulent as to his creditors; and the title of plaintiffs to the goods in controversy was not attempted to be impeached upon any other ground. The claim, therefore, was that, inasmuch

as the defendant had on September 22, 1888, seized and taken these goods from the possession of Trowbridge & Roberts under a valid writ of attachment issued against Mr. Potts, he could attack the title of Trowbridge & Roberts as fraudulent against the creditors of Potts, though he had not followed up the writ of attachment to judgment.

It is further insisted that the case must be governed by its *status* at the time the plaintiffs' suit against the defendant was commenced, and that at that time no unreasonable time had elapsed after the period at which a valid judgment might have been entered; that, when property is seized under attachment, it is in the custody of the law, and the officer is bound to produce it to satisfy any judgment which may be obtained in the proceeding, and the officer may justify under it, and therefore it is a protection to him. But the difficulty of this position is that the officer is not only seeking to justify his action in holding the property this length of time, but is also endeavoring to assail the title of others. He has not seized goods in the hands of Potts, the defendant in the writ, and confessedly owned by him; but he has taken goods away from Trowbridge & Roberts, to which they assert title under a purchase from Potts, and is seeking to hold them on the ground that, by virtue of a writ against Potts in favor of certain of his creditors, he is in a position to contest the right set up by the plaintiffs. The rule is that judgment creditors may contest the title in such cases, but that the general creditors cannot do so. It has many times been held by this Court that general creditors, having no judgment or lien on the debtor's property, cannot attack conveyances or other dealings for fraud. *McKibben v. Burton*, 1 Mich. 213; *Maynard v. Hoskins*, 9 Id. 485; *Tyler v. Peatt*, 30 Id. 63; *Griswold v. Fuller*, 33 Id. 268; *Stoddard v·

*McLane*, 56 Id. 11; *Root v. Potter*, 59 Id. 498; *Scott v. Chambers*, 62 Id. 532; *Krolik v. Root*, 63 Id. 562.

It is undoubtedly true that, had this action been brought before a reasonable time had elapsed for the taking of judgment and issue of execution, the officer holding the writ of attachment, and representing the parties in interest, might have attacked the *bona fides* of the plaintiffs' purchase. The fact that an attachment is issued before the debt is conclusively established on which it is founded, and that it may subsequently be shown by the defendant in the attachment that there is no such debt, is not sufficient reason for holding that the attaching creditor cannot show that the property attached is in fact the debtor's, when sued for it by a third person, who claims it by a title which is fraudulent as against the attaching creditor. Such third person may show that no such debt existed until it is established by a judgment in the attachment suit. He may therefore defeat the attaching creditor on either of two grounds:

1. That there was no debt to justify the issuing of the attachment.

2. That he had a good title to the property in dispute when it was attached.

Of course the officer must first prove the existence of the debt for which the attachment was issued, when such debt has not been established by a judgment against the debtor. When that is done, the judgment proves it. *Rinchey v. Stryker*, 28 N. Y. 51.

In the present case, however, there was no testimony given or offered to be given, on the part of the defendant, that Potts was indebted to Clark, Baker & Co., the plaintiffs in the attachment suit. The judgment was offered in evidence by the plaintiffs for the purpose of showing its irregularity, but it appears that the judgment was void. It did not prove the indebtedness. It may be

that counsel for defendant were misled as to their rights
under the writ by the opinion and ruling of the trial
court.   It was the opinion of the court that, though the
attachment was a valid one, yet, when the officer took the
property under the execution, he no longer held it under
the attachment, any more than as if he had turned it
over to another party; that his attachment was ended, and
that, the judgment, execution, levy, and sale being void,
the officer was not in a position to contest the plaintiffs'
title to the property; and that the only question open for
contest was the value of the goods attached.   Counsel for
defendant took exception to this ruling, and desisted from
further cross-examination of plaintiffs' witnesses.   However,
when he came to make his direct case in his defense, he
utterly failed to show, and made no offer to show, that
Potts was indebted to Clark, Baker & Co., the plaintiffs
in the attachment.   The defendant, under any circum-
stances, had no right to attack plaintiffs' title for fraud until
he showed his lien under the attachment, and proved the
debt against Potts.   This fact justified the verdict and
judgment rendered in the case.

But the circumstances shown upon this record did not
warrant the claim made by defendant's counsel.   The
attachment was issued and levied on September 22, 1888,
and the present suit was not commenced until March 5,
1889.   In the mean time the defendant had sold and dis-
posed of all the property held under the writ.   This
property was taken and sold by virtue of this void execu-
tion.   Nearly six months had elapsed from the time the
property was taken from the plaintiffs' possession before
the suit to recover its value was commenced.   The action
is in trover for a conversion of the property.   The prop-
erty was not in the custody of the law at the time the
suit was commenced.   Neither was it at that time held
under legal process.   The writ of attachment, though

valid, had performed its office. Under it the property had been held to await the time of its being turned over, and to be levied upon by the execution. It was so levied upon and taken out of the protection of the writ of attachment. The execution, as has been seen, was void, and was therefore no justification to the officer to take the property, and hold it or sell it, against the rights of the plaintiffs. If the officer could justify the holding under an attachment under such circumstances at the end of six months, then he might do so at the end of a year or of five years.

The office of the writ of attachment is to hold the property until the coming of an execution to enforce the judgment against the property of the debtor, so that the debtor may not put his property beyond the reach of such creditor when he shall obtain his judgment; but the creditor has no right to hold the property beyond a reasonable time to obtain his judgment and issue and levy his execution, and the attachment is no justification to the officer in selling and disposing of the property, unless it is done under the execution thereafter issued. The writ of attachment confers no right to sell the property except in special cases, when ordered by the court. The officer had sold the property on a void execution, and applied the proceeds on a void judgment. The sale and conversion of the property under this void writ of execution was unlawful, and the officer must be held liable in this action of trover. *McGough v. Wellington*, 6 Allen, 505; *Sawyer v. Wilson*, 61 Me. 529. There was no error in the ruling of the court, under the circumstances here stated; and the defendant offered no proof which would, if admitted, have amounted to a justification.

The judgment must be affirmed, with costs.

The other Justices concurred.