Rosalvin Robbins *vs.* Augustus H. Swift.

Franklin.　Opinion January 3, 1894.

*Trespass.　Officer.　Taxes.　Arrest.　Excessive Fees.*

For a collector of taxes to demand excessive fees from one under arrest for non-payment of taxes is an abuse of authority which is remediable by an action of trespass.

On exceptions.

This was an action of trespass for assault and false imprisonment in which the jury returned a verdict for the defendant.

The plaintiff claimed that the defendant, a collector of taxes for the town of Industry, abused his authority and taxed illegal fees which the plaintiff was compelled to pay in order to obtain his release from jail upon being arrested and committed for the non-payment of taxes, after being imprisoned about four hours,

whereby the defendant became a trespasser *ab initio.* The tax was three dollars, and the collector's fees were six dollars and ninety cents.

*Enoch W. Whitcomb,* for plaintiff.

*E. O. Greenleaf,* for defendant.

The plaintiff was not liable on account of any excess in costs, and such excess, if any there were, will not enable the plaintiff to maintain an action for false imprisonment. *Meserve* v. *Folsom,* 62 Vt. 504. So, also, where the costs are irregularly taxed, *Small* v. *Banfield* (N. H.), 20 Atl. Rep. 284.

The gist of the action of false imprisonment is unlawful detention, and in this case the process was regular and the detention lawful, and not unlawfully extended.

The jury found that the process had not been abused, there was no indignity or oppression beyond the arrest; that being justifiable, and the detention lawful, plaintiff has no grievance. *Coupal* v. *Ward,* 106 Mass. 289; *Mullen* v. *Brown,* 138 Mass. 114; *Abbott* v. *Kimball,* 19 Vt. 551. (47 Am. Dec. 708.)

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, WHITE-HOUSE, JJ.

EMERY, J. The defendant was a town collector of taxes, and as such had a legal warrant to collect a legal tax from the plaintiff. After observing the necessary preliminaries, the defendant arrested the plaintiff on the tax warrant for non-payment of the tax, and committed him to the county jail. In the written certificate of the costs of arresting and committing, given to the jailer as required by statute, the defendant named a sum in gross and in excess of the amount of the legal fees. The plaintiff after the commitment paid the full sum thus certified, and was thereupon released from the imprisonment.

It does not appear in the case, that the plaintiff questioned the legality of the sum certified, or that his imprisonment was at all prolonged by the excess of costs certified, or would have been in the least abridged had they been correctly certified.

The plaintiff has now brought this action of trespass for that

arrest and imprisonment. At the trial the defendant conceded that he had injured the plaintiff by demanding and taking excessive fees as above described, but contended that this action of trespass was not the lawful remedy for such an injury. The presiding justice sustained this contention and thus practically directed a verdict for the defendant. The plaintiff excepted. The question, therefore, is whether trespass is the proper form of action for this injury.

It is the firmly established rule of our law that any abuse by a ministerial officer of an authority given him by law, is remediable by an action of trespass. The reasons for this salutary rule are clearly and correctly stated in *Carter* v. *Allen*, 59 Maine, 296; and lately affirmed in *Railroad Co.* v. *Small*, 85 Maine, 462, and need not be repeated here. In accordance with this rule, the following acts have been held to be abuses of authority and remediable by an action of trespass : the working an estray or a beast distrained. *Bagshawe* v. *Goward*, Cro. Jac. 147 (cited in *Gibbs* v. *Chase*, 10 Mass. 129,) ; the omission to care for impounded beasts, *Adams* v. *Adams*, 13 Pick. 384 ; the placing an unfit person in a house as keeper over goods attached, *Malcolm* v. *Spear*, 12 Met. 279 ; selling attached property when one of the appraisers was interested, *McGough* v. *Wellington*, 6 Allen, 505 ; a delay for five hours to remove goods from the room in which they had been attached, *Williams* v. *Powell*, 101 Mass. 467 ; the omission of a collector of taxes, after a sale of property, to "render an account in writing" of the sale and charges, *Blanchard* v. *Dow*, 32 Maine, 557 ; selling the goods of a firm on an execution against one partner, *Moore* v. *Pennell*, 52 Maine, 162 ; the deduction of illegal fees by a tax collector from the proceeds of a tax sale. *Carter* v. *Allen*, 59 Maine, 296 ; the selling by a tax collector of more goods than necessary to pay the tax and expenses of sale, although the surplus proceeds were paid over to the plaintiff, *Seekins* v. *Goodale*, 61 Maine, 400 ; the omission by the officer attaching hay, to leave enough hay for the debtor's cattle. *Wentworth* v. *Sawyer*, 76 Maine, 434.

The foregoing cases sufficiently illustrate the rule. Was the

defendant's act within the rule? Of this, there can be little, if any doubt. He practically demanded and exacted excessive and illegal fees of a prisoner whom we held in official durance. He presumably knew the law, and what were the legal fees. He thus abused his official power, and under the rule above stated this abuse can be remedied in this action of trespass.

It is urged that the imprisonment does not appear to have been prolonged a single instant by reason of the demand for illegal fees, and that, therefore, the plaintiff's only action is one to recover back the sum wrongfully demanded. The same contention was urged in *Carter* v. *Allen, supra*, and overruled. In determining whether an act is an abuse of official power, the nature of the act itself, is to be looked at rather than its mere result. The defendant's act was clearly illegal, and an abuse of official power. That the plaintiff did not resist or question it does not make it any the less illegal or abusive. The sharp stress of imprisonment does not encourage a prisoner to question the propriety of official demands made upon him, as a condition of his liberty. That he hastens to comply with the illegal demand rather than suffer further imprisonment, does not purge the demand of its oppressive character as an abuse of official power.

The amount of damages the plaintiff is entitled to recover is another question, not·presented here. That must be determined upon the new trial upon the evidence then adduced.

*Exceptions sustained.*