WILLIAM TERRY v. MEDARD A. METEVIER.

*Attachment—Conversion by officer—Fraudulent conveyances.*

1. A sheriff who sells a portion of a stock of goods which he has seized under a writ of attachment, and permits the plaintiffs, on giving him a bond of indemnity, to remove the remainder of the goods beyond the jurisdiction of the court in which the attachment suit is pending, becomes a trespasser *ab initio*, and is liable in trover for the conversion of the property.

2. The sheriff, being unable to justify under his writ, is not in a position to attack the *bona fides* of a sale of the goods to the plaintiff by the attachment debtor prior to the levy of the writ.

Error to Mackinac. (Pailthorp, J.) Argued January 9, 1895. Decided February 12, 1895.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*M. C. Burch* and *P. N. Packard,* for appellant.

*Henry Hoffman,* for plaintiff.

LONG, J. In July, 1891, Vancel Hodeck was the owner of a stock of goods at Prentis Bay, Mackinac county. In the early part of the month he made, executed, and delivered to the plaintiff, a clerk in his store, a chattel mortgage on the entire stock, due in 30 days. At the end of that time—August 10, 1891—he (Hodeck) made and deliv-

ered to the plaintiff a bill of sale of the entire stock of goods. This bill of sale was filed in the town clerk's office, and plaintiff went into possession of the property. At the time of the execution of this chattel mortgage and bill of sale, Hodeck was indebted to the firm of Mueller & Raber, of Chicago, Ill., in the sum of about $4,000. They, learning of the chattel mortgage and bill of sale to the plaintiff, on August 22, 1891, sued out of the circuit court for Mackinac county a writ of attachment against Hodeck, and placed the same in the hands of the defendant, Metevier, who was the sheriff of the county. Metevier, by virtue of this writ, took into his possession the entire stock of goods covered by the mortgage and bill of sale, and caused an inventory and appraisal to be made. He immediately thereafter put one Joseph Carrow into possession of the goods, who commenced selling them at private sale at retail; and from some of the testimony it would appear that he sold nearly one-half of them, though the testimony leaves it uncertain as to the exact amount which Carrow did sell, some of the witnesses saying from $25 to $50 worth. The sheriff demanded a bond of indemnity from the plaintiffs in the writ, and they furnished such bond in the sum of $5,000, with Lyman Feltus as surety. Thereupon the sheriff turned the remainder of the goods over to Feltus, and took from him a receipt, in the words following:

"Received of Medard A. Metevier, sheriff of Mackinac county, State of Michigan, all of the property seized by him by virtue of a writ of attachment against the goods and chattels, lands and tenements, of Vancel Hodeck, in favor of Philip W. Raber and William Mueller; said property so received by me being the same property described in the inventory made and filed in said cause."

Feltus at once removed the goods into Chippewa county, and there kept them.

December 8, 1891, this action of trover was commenced by Terry in the Mackinac circuit court against Metevier

for a conversion of the goods. This suit was commenced before the attachment suit had proceeded to judgment. Plaintiff, Terry, claimed the title to the goods under his bill of sale. This suit was commenced by declaration, and the defendant pleaded the general issue, with notice that the defendant, as sheriff of Mackinac county, had taken the goods under the aforementioned writ of attachment against Hodeck, and that said goods were the property of Hodeck. The court below was of the opinion that Metevier, by the sale of a portion of the goods, and permitting the remainder to be removed beyond the jurisdiction of the court, became a trespasser *ab initio*, and consequently could not justify under his writ, and was not, therefore, in a position to attack the *bona fides* of the plaintiff's bill of sale from Hodeck. The court instructed the jury that, inasmuch as there was no controversy as to the value and amount of the goods taken, they should return a verdict in favor of the plaintiff for $950. Verdict and judgment were entered for that amount.

It is undisputed that Metevier permitted a portion of the goods to be sold immediately upon taking possession of them under his writ of attachment, and that he also turned the remainder over to a third party, and permitted him to remove them beyond the jurisdiction of the court. How. Stat. § 7998, provides that—

"The property attached shall remain in the hands of the officer serving the attachment, unless the defendant, or any other person in whose possession such property may have been found, shall, before judgment in such suit, deliver to the officer a bond executed to him by two or more sufficient sureties, being freeholders within this State, either with or without such defendant or other person, to the satisfaction of such officer," etc.

Under this statute, as was said in *Trowbridge v. Bullard,* 81 Mich. 451, 459, it was the duty of the officer to hold the property until the coming of an execution to enforce

the judgment in the case.   He had no right to sell and
dispose of the property without an order of the court, and
that could be obtained only upon a special showing of
necessity.   Here he sold a portion of the property, and
permitted the remainder to be removed beyond the juris-
diction of the court.   This amounts to a conversion of the
property.   *Trowbridge v. Bullard,* 81 Mich. 451; *McGough
v. Wellington,* 6 Allen, 505; *Sawyer v. Wilson,* 61 Me. 529.
As was said in *McGough v. Wellington, supra:*

"The officer having sold the property attached in a
manner unauthorized by law, the sale was tortious, and he
became a trespasser *ab initio.*     *     *     *

"An officer who has a precept which authorizes him to
take property may take it under and by virtue of his pre-
cept, or he may take it wrongfully, to convert it to his
own use.   If at the trial he justifies under his precept,
and has conducted himself strictly according to its require-
ments, he is protected, because he is then entitled to the
conclusive presumption that he acted under his lawful
authority.   But if, before the trial, he has exceeded his
lawful authority, the law presumes that the original tak-
ing was not for the purpose of serving his precept, but as
a trespasser.   The facts which occur after the suit is com-
menced do not constitute a cause of action, but are merely
evidence from which arises the absolute presumption that
his first taking was a trespass.   The character of his
original act is shown by his subsequent conduct.   It is in
the nature of an admission that he did not act under his
precept, and such an admission is as effectual in proof if
made at one time as at another.   The cause of action is
the original unlawful taking.   That the original taking
was unlawful is shown by his subsequent conduct.

"The title of the plaintiff to the property in contro-
versy, although that of a grantee by a conveyance fraud-
ulent against creditors, was good as against the vendor,
and as against all other persons except creditors proceed-
ing to enforce the collection of their debts in the manner
provided by law.   It was voidable, and not void, and could
only be avoided by creditors availing themselves of legal
process to appropriate the property, and procuring service
of the process to be made in a regular and lawful manner.

Against an irregular or unlawful seizure and sale, it was a valid and perfect title, and the plaintiff may therefore maintain this action."

The above action was in trover against a deputy-sheriff, for the conversion of property which he had seized under a writ of attachment. The rule in the above case was followed in *Trowbridge v. Bullard, supra.* The same rule was followed in *Sawyer v. Wilson, supra.* There the officer sold the property before the time prescribed by the statute, and it was held that the officer could not justify under the writ. In the present case the officer sold part of the property only, but the remainder of it was permitted by him to be removed beyond the jurisdiction of the court. He did not keep it, as commanded by the statute, and his conduct after seizure must be held to make him a trespasser *ab initio.*

The judgment will be affirmed.

The other Justices concurred.